## N. J. REEVES v. G. C. SMITH.

Decided June 2, 1900.

**1.  Pleading—Trespass to Try Title—State School Land.**

Where plaintiff sues to recover State school lands, and undertakes to allege his title specially, his petition must show not only that his application to purchase the land from the State has been rejected because of a prior sale to another, but must also allege facts showing that the Commissioner of the General Land Office did not have power to award the land upon the prior application, and that he did wrong in rejecting plaintiff's subsequent application.

**2.  Same—Allegation of First Payment.**

In such action, where plaintiff specially pleads his title, his petition is defective if it fails to show that, at the time of his application to purchase, he had forwarded to the State Treasurer the first payment of one-fortieth of the purchase price of the land as required by the statute.

APPEAL from Randall.  Tried below before Hon. H. H. WALLACE.

*Plemmons & Veale,* for appellant.

*M. M. McGee* and *Wilson & Kinder,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover of appellee section 60, block B5, in Randall County, which had been awarded to appellee by the Commissioner of the General Land Office upon his application to purchase same.  Appellant pleaded his title specially, his petition showing that he made application to purchase the land, which was rejected by the Commissioner of the Land Office upon the ground, as stated by the Commissioner, that it had already been sold to appellee Smith.  The validity of this sale is not in any manner attacked by the petition; that is, no fact is alleged showing its invalidity.  It further appears from the face of the petition that appellant had not himself fully complied with the law at the time his application to purchase was rejected, in that he had not forwarded to the State Treasurer the one-fortieth part of the purchase price of the land.  The petition shows that this was not done until several months after his application had been rejected.  Coates v. Bush, 23 Texas Civ. App., 139.

The issue of fact submitted to the jury was one of settlement, that is, whether or not appellee was an actual settler when he made his application to purchase, and in submitting this issue the court's charge was not entirely free from the objections urged against it by the assignments of error.  But as this issue was not raised by the pleadings, the verdict of the jury upon it becomes immaterial.  Inasmuch, then, as appellant pleaded his title specially, and failed to tender any material issue of fact, there was nothing for the jury to try, and as it affirmatively appears from his petition that he had not himself complied with the law so as to have the land awarded to him, we would not be warranted in reversing the judgment for error assigned to proceedings upon such immaterial issue.

Where the petition of one suing to recover school land shows that his application to purchase has been rejected because of a previous sale to another, it must go further and allege facts showing not only that the Commissioner of the Land Office did not have the power to award the land upon the prior application, but also that he did wrong in rejecting the subsequent application, that is, where the pleader undertakes, as in this instance, to allege his title specially. He must in such case show facts entitling him to have the award of the Commissioner disregarded, otherwise the land is no longer subject to sale, and he must also show facts entitling himself to an award, otherwise he shows no sort of title to the land.

The judgment is therefore affirmed.

*Affirmed.*