## C. DOWDING v. S. A. DITMORE.

Decided October 26, 1901.

**State School Land—Occupancy—Forfeiture—Title Warranting Recovery.**

Where one who purchased additional school land under the Act of 1897 was an actual settler on his home section at the date of his purchase, he was entitled to recover such land from a trespasser, without regard to the issue of his failure to continue the occupancy of his home section for three years, where no forfeiture had been declared, and the case was tried before the passage of the Act of 1901 changing the forfeiture clause. Acts 1901, p. 294.

Appeal from Scurry. Tried below before Hon. P. D. Sanders.

*Martin Dies, Geo. W. Smith,* and *E. W. Bounds,* for appellant.

*A. M. Craig, C. R. Kinchen, A. H. Kirby,* and *Theodore Mack,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—July 31, 1899, appellant applied to the Commissioner of the General Land Office to purchase the land in controversy, section 490, as an actual settler on the north half of section 456, both of which were awarded to him. Thereafter appellee settled on section 490, and made application to purchase it, disputing the validity of the sale to appellant, presumptively upon the ground that he had either never been, or had ceased to be, an acual settler in good faith on section 456, for in every other respect both sales to, appellant were regular, and no forfeiture of either had been declared. The case was tried upon special issues, the jury finding that appellant was an actual settler in good faith on section 456 at the date of his application to purchase, but further finding that he had not continued to be such actual settler up to the time of the trial. Upon the latter finding, judgment went against him.

It seems to be conceded that appellee was without title, since the land was not upon the market when his application, dated May 21, 1900, was made, but it is insisted that appellant's failure to continue to occupy his home section, as found by the jury, was fatal to any recovery by him, he being plaintiff in the action. It has been held that the failure to continuously occupy school land, once regularly sold to an actual settler, did not, under the Atcs of 1895 and 1897, of itself work a forfeiture of such sale. O'Keefe v. McPherson, 61 S. W. Rep., 534. It has also been held that where the Commissioner of the General Land Office accepts proof from such purchaser of three years' occupancy it becomes conclusive against subsequent applicants to purchase. Pardue v. White, 21 Texas Civ. App., 121; Johnson v. Metzler, 1 Texas Civ. App., 137.

It seems to us, therefore, that it should be held that appellant's right to the land in controversy was such as entitled him to a recovery without reference to the issue of continued occupancy, the case having been tried before the Act of 1901 (Acts 1901, page 294), changing the forfeiture clause, was passed. True, the sale to him was executory, but it gave him such title to the land as will support an action against a more trespasser, although it may have been subject to forfeiture. Such sales by the State have been treated by our Supreme Court as analogous to those made by any other vendor, which remain in force notwithstanding default of the vendee until the vendor by some affirmative act avails himself of such default.

The judgment is reversed and here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.