## A. E. DAVIS v. M. McCAULEY.

Decided February 1, 1902.

1.—State School Land—Appraisement and Award—Burden of Proof.

Where plaintiff's application to purchase school land was rejected and he sued to recover the land of defendant to whom it had been awarded, claiming that the land had never been appraised at the price at which it was so awarded, the burden was on him .to show that fact. See evidence held not sufficient to overcome the presumption of due appraisement arising from the action of the Commissioner in awarding the land. ·

2.—Same—Evidence of Occupancy—Forfeiture.

Evidence to show that defendant had not continued to be an actual settler after the land was awarded to him was immaterial where plaintiff's rejected application was prior to the taking effect of the Act of 1901 (General Laws, 1901, page 292), providing for forfeiture in cases where the purchaser fails to reside on the land.

Error from Roberts.  Tried below before Hon. B. M. Baker.

*Jno. W. Veale* and *L. C. Heare,* for plaintiff in error.

*Hendricks & Coffee* and *L. C. Hoover,* for defendant in error.

STEPHENS, ASSOCIATE JUSTICE.—School section 180, block No. 2, Gray County, is the subject of this controversy.  The land was awarded to M. McCauley, January 20, 1900, upon his application, dated October 2, 1899, and filed in the General Land Office two days later, to purchase it as dry grazing land at $1 per acre.  The validity of this sale was disputed by A. E. Davis, who brought this suit, relying upon two subsequent applications of his own, one dated November 14, 1900, in which he offered to purchase the section as dry grazing land at $1 per acre, and the other April 8, 1901, in which he offered to purchase it as dry grazing land at $2 per acre; neither of which was accepted.

The grounds of objection to the sale to McCauley were that the land had never been appraised at $1 per acre, and that McCauley's settlement failed to meet the requirements of the law.  Both issues were submitted to the jury and determined in favor of McCauley.  Davis complains of the action of the court in submitting the issue of appraisement to the jury; but if there was error in this it was not to his prejudice.  Inasmuch as the land had been awarded to McCauley, who was still recognized by the Commissioner of the Land Office as the purchaser, the burden was on Davis to show that there had not been any appraisement at $1 per acre, which we think he failed to do.  He read in evidence certificates from the General Land Office showing that the land had been classified as agricultural land and valued at $2 per acre under the Act of 1887, and that this classification had been changed under the Act of 1897 to dry grazing land, and that the appraisement of the north half of the section had been reduced, June 18, 1898, to $1 per acre, but failing to show whether or not the appraisement of the south half had been so changed.  It was within his power by taking the deposition of the Land Commissioner, or possibly by interrogating the clerk of the County Court of Roberts County, who testified as a witness on the trial, to prove the negative fact relied on by him, that no such change had been made, and this he should have done, instead of merely offering a few certificates, inconclusive within themselves, which at best left the matter in doubt and failed to overcome the presumption arising from the action of the Commissioner in awarding the land to McCauley.

As to the sufficiency of the evidence to sustain the finding that McCauley was an actual settler when he made his application, it seems to us that the case is quite as strong as that of Borchers v. Meade, 43 Southwestern Reporter, 301, in which we felt constrained to grant a rehearing in order to uphold the verdict.  Whether or not he continued to be an actual settler after the land was awarded to him was imma-

terial in this case, the Act of 1901, page 292, not having gone into effect till April 19, 1901, which was after the last application of Davis. Ditmore v. Dowling, 65 S. W. Rep., 486, and cases there cited.

The objections to the court's rulings in the admission and exclusion of testimony are sufficiently answered in the brief of defendant in error. The judgment is affirmed.

*Affirmed.*

Writ of error refused.