### W. K. BELL ET AL. v. C. C. WILLIAMS ET AL.

Decided February 15, 1902.

**1.—Public Lands—Trespass to Try Title—Burden of Proof.**

Where plaintiffs sued for State school land, claiming under a rejected application subsequent in time to the application upon which it had been awarded by the Commissioner to defendant as additional land, the burden was on plaintiffs to show that defendant was not an actual settler at the time of her application to purchase the additional land, or was acting in collusion with her codefendant in fraudulently acquiring the land for him.

**2.—Same—Award Prima Facie Proof of Settlement.**

The award of the Commissioner to defendant being prima facie proof of her actual settlement, it was error for the court to exclude evidence of it from the consideration of the jury, especially as defendant, being aged and decrepit, was not present at the trial to testify, and the charge was not clear as to the burden of proof being on the plaintiff.

Appeal from Palo Pinto.   Tried below before Hon. W. J. Oxford.

*Howard Martin* and *F. O. McKinsey,* for appellants.

*Jno. H. Eaton* and *Geo. A. McCall,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—October 20, 1899, Wilson Bates sued W. K. and R. M. Bell in trespass to try title to recover the west half of section 66, block 2, Palo Pinto County.   November 14, 1899, C. C. Williams sued Wilson Bates and W. K. and R. M. Bell in trespass to try title to recover not only the west half of said section 66, but also the north half and southeast quarter of section 58 in same block.   December 27, 1900, Wilson Bates answered the suit of Williams with a disclaimer as to section 58 and a plea of not guilty as to section 66.   The Bells answered both suits with separate pleas of not guilty.   On motion of Bates and Williams the two suits were consolidated and tried together, the trial resulting in a verdict and judgment in favor of Bates for the land claimed by him and in favor of Williams for the other tracts, from which the Bells have appealed.

The court instructed a verdict against W. K. Bell (who held all the lands in controversy under the award of the Land Commissioner), be-

cause he had lost title to the basic section before making his application to purchase the additional lands, as was decided in Bell v. Williams, 56 Southwestern Reporter, 779.

The application of Bates and of R. M. Bell to purchase the west half of 66 and the applications of R. M. Bell to purchase the north half and the southeast quarter of 58 were filed in the General Land Office at the same time, 8 o'clock a. m., September 20, 1897. . The second applications of Williams (the first having been made before the land was on the market) were not filed till July 5, 1899. All parties applied to purchase the lands in controversy as additional lands.

The only controverted issues of fact submitted to the jury were (1) whether or not R. M. Bell was an actual settler on her home tract, the southeast quarter of section 42 (awarded to her May 24, 1897), when she applied to purchase it, May 5, 1897, and whether or not she still occupied it when she applied to purchase the additional lands; (2) whether or not in making the original purchase, or in making applications to purchase the additional lands, she was acting in collusion with her son, W. K. Bell, to acquire the same for him.

There was a general verdict in favor of Bates for the west half of 66 and in favor of Williams for what he claimed out of the other section.

The court undertook to instruct the jury as to the burden of proof, but failed, we think, to distinctly place it on Bates and Williams, who undoubtedly held the affirmative of these issues. They were both plaintiffs as to R. M. Bell, and as such were required to show a superior right to the lands sued for. Neither of them had obtained an award from the Land Commissioner and neither of them had filed an application prior to hers, that of Bates being contemporaneous and those of Williams subsequent. The home tract of R. M. Bell had been awarded to her upon application to purchase it as an actual settler, which award had never been canceled, and a prima facie case was thus made in her favor of actual settlement in the first instance. A certified copy of this application was read in evidence, but R. M. Bell, who was both aged and decrepit, did not appear as a witness at the trial. The court instructed the jury that they could not consider it as evidence of actual settlement on her home section and to disregard it entirely on that issue. This charge had the effect of destroying the prima facie case made in favor of R. M. Bell when she proved that the application had been accepted by the Land Commissioner, and was especially to her detriment as she did not testify before the jury, and the charge on the burden of proof was, to say the least, confusing, for we have found it difficult to determine ourselves where the court meant to place the burden of proof on the controverted issues of fact.

The charge submitting the issue of collusion is not entirely free from the objections made to it in appellants' brief. We find no merit in assignments raising other questions.

Because the court erred in the charges affecting the burden of proof and in singling out and withdrawing from the consideration of the jury

the application of R. M. Bell upon which the Land Commissioner had made an award, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*