### . A. McBANE v. J. W. ANGLE.

Decided June 7, 1902.

**1.—Witness—Examination—Bribery—Explanation Excluded.**

Where defendant's witness testified that he told one of plaintiff's witnesses that he, such latter witness, could get $125 for leaving town and not testifying, it was error for the court to compel a suspension of the examination at that point, stating in the jury's presence that the witness had confessed to an attempt to bribe, and to exclude from the jury the explanation of the witness to the effect that the statement was made to test the sincerity of plaintiff's witness and to ascertain whether, as was reported, he was already hired by plaintiff to testify for a less amount.

**2.—Same—Cross-Examination.**

It was permissible for defendant, testifying as a witness, to state on cross-examination that the reason why he remembered so distinctly the testimony given by plaintiff on a former trial was because he saw his attorney write it down at the time it was given.

**3.—State School Land Purchase—Evidence—Appraisement.**

It was not reversible error, in an action to recover State school lands wherein both parties claimed under an appraisement made under the Act of 1895, for the court to admit in evidence a certified copy of appraisement made under the Act of 1887, with a certification from the Land Commissioner that no reappraisement had since been made.

**4.—Same—Continuous Occupancy.**

It was also error for the court to charge in such action, as the law applicable to all school land purchases, that the occupancy of the land must be continuous from the original settlement.

5.—Same—Burden of Proof.

Where the defendant in such action holds under an award from the General Land Office, the burden of proof is on the plaintiff.

Appeal from Roberts.  Tried below before Hon. B. M. Baker.

*H. E. Hoover* and *L. D. Miller,* for appellant.

*John Veale* and *Hendricks & Coffee,* for appellee.

STEPHENS, Associate Justice.—The rulings complained of in the fourth and fifth assignments of error, as shown in bills of exception 4 and 5, were erroneous and presumptively prejudicial to appellant.  It was the province of the jury and not of the judge to interpret the conduct of the witness Bourbounais in the light of the explanation offered by him.  The court erred not only in excluding this explanation from the jury, but also in passing judgment upon the conduct of the witness—holding him guilty of an attempt to bribe—in the presence of the jury. The manifest tendency of this was to deprive appellant of a fair trial by the jury selected to pass upon the issues of title to and between him and appellee, and not that of crime between the State and the witness, which was not then before the court for adjudication.

We are also of opinion that it was competent for appellant when testifying as a witness on cross-examination to explain why he remembered so distinctly the testimony of appellee on a former trial, though we are not prepared to condemn the ruling complained of (in the second assignment), since the bill of exception fails to show the ground upon which the evidence was excluded.  Grinnan v. Rousseaux, 20 Texas Civ. App., 19.

There was no reversible error in admitting certified copy of classification and appraisement of section 170, and possibly none also in submitting this issue to the jury; but we abstain from any discussion of the latter question, as we can see no good reason why parties continue to go to trial in this class of cases without being able to show conclusively when the lands in controversy went on the market.  Davis v. McCauley, 28 Texas Civ. App., 211, 66 S. W. Rep., 1124.  When such proof is made— and we can see no good excuse for the failure to make it—the court should not submit the issue to the jury as a doubtful one.

We are inclined to the opinion that appellant's first special charge, requesting the submission of the issue of collusion between appellee and A. A. Parsell, should have been given, as the circumstances seemed to raise the issue and the Land Commissioner had rejected appellee's application.

Whether or not there was error in submitting the issue of collusion between Goodall, appellant's vendor, and others and between appellant and others, the land having been awarded to Goodall first and then to appellant as his vendee, must depend upon the disposition to be made

of that question in the case of Logan v. Curry, 66 Southwestern Reporter, 81, now pending in the Supreme Court on writ of error.

The court erred in charging as the law applicable to all school land purchases that the occupancy of the land must be continuous from the original settlement. Dowding v. Ditmore, 26 Texas Civ. App., 606, 65 S. W. Rep., 486; Davis v. McCauley, 66 S. W. Rep., 1124.

The court also erred in placing the burden of proof on appellant to show his right to the land, since he held it under an award from the Land Office and was defendant in the action. Davis v. McCauley, 66 S. W. Rep., 1124, as well as several other cases.

The judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*