## SALLIE BINION v. JOHN HARRIS.

### Decided May 2, 1903.

**1.—School Land—Purchase—Trespass to Try Title—Prima Facie Case.**

Plaintiff, suing in trespass to try title for school land, made out a prima facie case by proof showing a classification and appraisement of the land, and that thereafter she, being qualified to purchase, made regular application for the land on January 7, 1901, and that upon such application it was awarded to her by the Land Commissioner.

**2.—Same—Presumption of Regularity.**

Such prima facie case was not overcome by defendant's showing that one I., under whom he claimed, had duly applied as an actual settler to purchase the land November 27, 1900, which application was rejected, both defendant and I. being in every way qualified to purchase, since in the absence of a further showing that the award was wrongfully made to plaintiff, or that I.'s application was wrongfully rejected, the presumption in favor of the regularity of the Commissioner's action obtained.

**3.—Same.**

Proof that the land was placed on the market in 1897 and awarded to plaintiff in 1901 did not show necessarily that it was on the market when defendant applied to purchase it November 27, 1900, since it might have been taken off the market, and the fact that it was reclassified January 4, 1901, tended to show that this had been done.

Appeal from the District Court of Scurry. Tried below before Hon. Arthur Yonge, Special Judge.

*Ed J. Hamner,* for appellant.

*C. R. Kinchen* and *Jenkins & McCartney,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a suit in trespass to try title brought by appellant against appellee to recover a quarter section of public free school land in Scurry County. The land in controversy had been duly classified and appraised on February 22, 1897, and reclassified and appraised on January 4, 1901. Appellant, who was in every respect qualified to make the purchase, regularly applied for the land as additional land January 7, 1901, which application was filed in the General Land Office three days later, and on February 27, 1901, the Commissioner awarded the land to her. Upon proof of the facts here suggested, appellant was entitled to recover, unless the appellee in some manner overcame the prima facie case thus made out by showing that

the award to her had been wrongfully made. Landers v. Boliver, 73 S. W. Rep., 1075; Boaz v. Powell, 96 Texas, 3, 69 S. W. Rep., 976; Bell v. Williams, 29 Texas Civ. App., 109, 66 S. W. Rep., 1119; Davis v. McCauley, 28 Texas Civ. App., 211, 66 S. W. Rep., 1124; Reeves v. Smith, 23 Texas Civ. App., 711, 58 S. W. Rep., 185. Appellee does not controvert this, but insists that the prima facie case of appellant was sufficiently overcome by his proof which showed that he claimed through proper conveyance from one Ingram, who applied to purchase the land as an actual settler on November 27, 1900, which application was rejected by the Land Commissioner on January 4, 1901, both Ingram and himself being in every way qualified to make the purchase, and having fully complied with the law in every respect.

But this contention is not correct. Before appellee can be said to have met the prima facie case of appellant, he must have proved one of two things—i. e., that the award to her was wrongfully made, or that his application (the application of Ingram) was wrongfully rejected. The grounds upon which the Commissioner rejected the application are not even shown, and the presumptions which the courts indulge in favor of the regularity of the acts of that official apply with as much force to a rejected application as to an award. His action in this respect is presumed to be regular until the contrary is shown. Appellee's proof that the land had been placed upon the market in 1897, in the face of the rejection of his application and an award to appellant in 1901, did not prove that the land was on the market at the date of his application to purchase. It may have been sold, and thus taken off the market. But proof by appellant of classification and appraisement on January 4, 1901, and award to her on February 27th, thereafter, did prove that the land was on the market when she applied to purchase, and it was not incumbent upon her to go further and prove that the application of appellee was properly rejected.

The fact that the land was again classified and appraised on January 4, 1901, is evidence tending to prove that it had for some reason been taken off the market since the first classification and appraisement.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*