W. K. BELL ET AL. v. WILSON BATES ET AL.

Decided May 28, 1904.

**1.—Assignment of Error Too General.**

An assignment of error that "the court erred in overruling defendant's motion to strike out parts of the answer of J. S. J. to direct interrogatories numbers 5 and 10, and part of answers to cross-interrogatories numbers 2 and 9," involving more than one ruling in effect, is too general, and will not be considered.

**2.—Same—Bill of Exceptions.**

An assignment of error to the court's refusal to strike out part of the answer of a witness, testifying by deposition, will not be sustained where neither the bill of exceptions taken nor the statement of facts shows that the objectionable deposition was read to the jury.

**3.—School Land Settlement—Hearsay Evidence.**

In an action involving the title to school lands wherein it was an issue as to whether the testatrix of one of the defendants was an actual settler on her home section tract of the lands or lived in a house on the home section of another party, it was error for the court to permit plaintiffs to put in evidence the testimony of a witness giving statements made to him by another person tending to show that such testatrix resided elsewhere than on her home section tract.

**4.—Same—Temporary Absence from Land—Charge.**

A charge that defendant's testatrix must have been not only an actual settler in good faith upon her home section, but must have been residing thereon at the time of her application to purchase the additional lands in controversy, held to be probably misleading where there was evidence that, during her occupancy of the home section, she was at times absent therefrom.

Appeal from the District Court of Palo Pinto. Tried below before Hon. W. J. Oxford.

*Henry Penix, F. O. McKinsey,* and *Crudginton & Penix,* for appellants.

*John H. Eaton* and *McCall & McCall,* for appellees.

SPEER, ASSOCIATE JUSTICE.—The report of this case on a former appeal, found in 29 Texas Civ. App., 109, 66 S. W. Rep., 1119, will suffice for a statement of the nature of the case, and of the material facts upon which the parties hereto base their respective claims.

The trial in the present case, which was before a jury, resulted in a verdict and judgment against W. K. Bell and Beulah May Bell, the latter having been made a party to the proceedings upon the death of Rachael M. Bell, whose name appears as a defendant in the former report of the case.

The appellant's assignment of error that, "the court erred in overruling defendant's motion to strike out parts of the answers of J. S. Johnston to direct interrogatories numbers 5 and 10, and parts of answers to cross interrogatories numbers 2 and 9," involving, as it does, more than one ruling in effect, is too general and will not be considered.

The next assignment, to the effect that the court erred in overruling appellants' motion to suppress part of witness Minnie Johnston's answer

to second cross-interrogatory, while not so general, is yet not considered because neither the bill of exception complaining of the court's action in this particular, nor the statement of facts, which we have examined, shows that the objectionable deposition was read to the jury.

The fourth assignment presents a ruling which, to our minds, requires the reversal of the case. It was a contested issue in the case between appellees and appellant Beulah May Bell, whether or not her testatrix, Rachael M. Bell, was an actual settler on her home tract, the southeast one-fourth of section 42, or resided "in a little box-house in W. K. Bell's yard," on the latter's home section, at the time said Rachael M. applied to purchase the lands in controversy. In this state of the evidence the trial court permitted appellees to read in evidence, over the objection of appellants that the same was hearsay, the answer of the witness Johnston to the ninth cross-interrogatory, which interrogatory and answer were as follows: "When did you last see and talk to John H. Eaton in regard to this case? Answer. I last saw Mr. Eaton about the 11th of September, 1903, but nothing was said about this case, except he asked me to give him the names of other parties who assisted in putting the house back on the foundation which was blown off by a storm in July, 1897, which Rachael M. Bell occupied, and was situated in the yard of W. K. Bell." This we think tended to prove that Rachael M. Bell resided upon the W. K. Bell section, and not upon her own section, and Eaton's statements to the witness, even though in the form shown by the answer, were nevertheless hearsay and incompetent for such purpose. For this error the judgment will be reversed.

Complaint is made to the seventh paragraph of the court's charge, wherein the jury was told in effect, that Rachael M. Bell must have been not only an actual settler in good faith upon her home section, but must have been residing thereon at the time of her application to purchase the lands in controversy. While we would probably not reverse the case upon this point, yet in view of the testimony in the record, to the effect that Rachael M. Bell, during her occupancy of her home tract, was at times absent therefrom, the requirement that she must have been residing thereon may be misleading, and upon another trial should be eliminated from the charge.

We would also suggest, in view of another trial, that the charge is probably subject to the criticism that it does not clearly relieve the appellants of the burden of proof in the case. It is substantially a repetition of the charge criticised in this same particular upon the former appeal. While the special judge in this instance once or twice, in a general way, instructed the jury that the burden of proof was on the plaintiffs in the case, yet instructing them as he did in the fourth paragraph of the charge, that the plaintiffs were entitled to recover the lands unless the defendants were entitled to recover under subsequnt instructions, we think the vice previously pointed out has not been cured. Binion v. Harris, 32 Texas Civ. App., 371, 74 S. W. Rep., 580.

*Reversed and remanded.*