PIERCE v. FIRST STATE BANK OF CARNEY

(Court of Civil Appeals of Texas.   March 18, 1911.)

BILLS AND NOTES (§ 539*) — ACTIONS — CONFLICTING FINDINGS.

In an action on a note, where the jury found that defendant delivered the note to a third person, to be held by him until the payee, a mercantile company, should organize and deliver to defendant a certain amount of its stock, at which time the note should be delivered, that by fraudulent misrepresentations to such third person and without defendant's authority H. procured the note and delivered it to plaintiff's predecessor as collateral security, that the mercantile company never organized, that the cashier of plaintiff's predecessor, when he took the note, did not know the circumstances under which it was held by the third person, but did know that the company had not been organized, that H. was not an agent or officer of such company, and that the note sued on was not indorsed to plaintiff's predecessor by H., as agent or officer of the company, and also made conflicting findings that the note was made payable to the mercantile company, a proposed corporation, and that it was made payable to such company, a partnership, of which H. was a member, with a further finding that the bank did not purchase the note before maturity, for a valuable consideration, and in due course, either from the corporation or from the partnership, the conflict in the findings requires reversal of the judgment for plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1911–1913; Dec. Dig. § 539.*]

Appeal from District Court, Jones County; C. C. Higgins, Judge.

Action by the First State Bank of Carney against I. J. Pierce. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Woodruff & Woodruff and Theodore Mack, for appellant. Thomas & Chapman, Coombes & Coombes, and D. J. Brookreson, for appellee.

DUNKLIN, J. I. J. Pierce has appealed from a judgment rendered against him in favor of the Farmers' State Bank of Knox City, successor to the First State Bank of Carney, on a promissory note made payable to the Hinds Mercantile Company. In answer to special issues submitted, the jury found the following facts:

Pierce executed and delivered the note sued on to W. L. Power, to be held by the latter until the Hinds Mercantile Company should organize, and should issue and deliver to Pierce stock in that company to the amount of $1,000, at which time the note was to be delivered to that company. By fraudulent representations made to Power, and without authority from Pierce, R. E. Hinds

procured from Power possession of the note, and delivered it to the bank as collateral security for a note in the sum of $500, executed by Hinds in favor of the bank, which was uncollectible. The Hinds Mercantile Company was never organized, and hence Pierce did not receive the stock for which, the note was executed. At the time the cashier of the bank took the note as collateral security, he did not know that it had been delivered in escrow to W. L. Power to pay for stock in the Hinds Mercantile Company, but he did know that the company had not been organized, and that Hinds was neither an agent nor an officer of that company, and the note sued on was not indorsed to the bank by Hinds, either as an agent or as an officer of the Hinds Mercantile Company.

The jury further found that the note was made payable to the Hinds Mercantile Company, the proposed corporation, and in conflict with that finding returned another finding that the note was made payable to the Hinds Mercantile Company, a partnership firm in existence at the time, and of which R. E. Hinds was a member. There was a further finding that the bank did not purchase the note before its maturity for a valuable consideration and in due course of trade, either from the corporation or from the partnership.

It may be that the jury understood and used the term "purchase" in its restricted sense, rather than in the broader and more comprehensive legal sense, which would include the acquisition of the note as collateral security for the other note; but the conflict in the findings first noted will of itself, in view of other findings, require that the judgment be reversed and the cause remanded; and it is so ordered.