JONES et al. v. WAGNER.

(Court of Civil Appeals of Texas.   Galveston.
Nov. 10, 1911.   Rehearing Denied
Dec. 7, 1911.)

1. DISMISSAL AND NONSUIT (§ 42*) — CON-
STRUCTION OF PLEADING AFFECTED BY.
    Plaintiffs' petition may be looked to in aid
of defendant's answer in a suit to try title,
notwithstanding plaintiffs had dismissed their
suit, for the purpose of identifying and fur-
nishing a description of the land mentioned in
defendant's plea of limitation, on which defend-
ant prayed affirmative relief.
    [Ed. Note.—For other cases, see Dismissal
and Nonsuit, Cent. Dig. §§ 75–83; Dec. Dig. §
42.*]

2. JUDGMENT (§ 251*)—PLEADINGS TO SUP-
PORT.
    Though a plea of limitation may be used
as defensive in trespass to try title, it may also
be used as the basis of affirmative relief, and
when coupled with a prayer for the recovery
of the land to which it is sought to be applied
it becomes an affirmative plea of title and will
support a judgment for recovery of the land.
    [Ed. Note.—For other cases, see Judgment,
Cent. Dig. § 437; Dec. Dig. § 251.*]

3. PLEADING (§ 148*)—DEFENSIVE PLEA—AF-
FIRMATIVE RELIEF.
    If the facts stated in a defensive plea show
no more than that plaintiff is not entitled to
recover, such plea will not support a prayer for
affirmative relief, but if the facts are sufficient
to entitle defendant to maintain an action there-
on, the fact that the allegations in the plea
are sufficient to defeat plaintiff's claim, and are
pleaded for that purpose as well as to show
an affirmative right in defendant, does not de-
stroy or in any way affect their sufficiency to
support a prayer for affirmative relief.
    [Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 299; Dec. Dig. § 148.*]

4. DISMISSAL AND NONSUIT (§ 42*)—EFFECT—
PLEA—AFFIRMATIVE RELIEF.
    In trespass to try title, defendant answered
that he was not guilty of the trespasses charged
and demanded strict proof thereof, and then
alleged that he was and for more than thirty
years had been the head of a family, had re-
sided in peaceable and adverse possession of the
land described in the petition together with
his family for more than ten years continuous-
ly before the filing of plaintiffs' petition, culti-
vating, using, and enjoying the same, claiming
it adversely against all others, and that his oc-
cupancy was open and notorious, praying that
he have judgment for title and possession of
the land, for damages, and for such other re-
lief as he was entitled to in law or in equity.
Held, that such plea of limitation was intend-
ed as an affirmative plea in reconvention for
the recovery of the land, and not merely plead-
ed in defense; and hence, defendant's right
to recover thereon was not affected by plain-
tiffs' dismissal.
    [Ed. Note.—For other cases, see Dismissal
and Nonsuit, Cent. Dig. §§ 75–83; Dec. Dig. §
42.*]

5. EVIDENCE (§ 175*)—BEST EVIDENCE—REC-
ORDS.
    In trespass to try title, the original record
in a volume of the "State Abstract of Titles
to Patented Lands," showing that the lands in
controversy had been patented to L., held pri-
ma facie admissible as primary evidence.
    [Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 561–569; Dec. Dig. § 175.*]

Error to District Court, Newton County;
W. B. Powell, Judge.

Action by Jesse H. Jones and others against
A. R. Wagner.   Judgment for defendant, and
plaintiffs bring error.   Affirmed.

J. R. West, for plaintiffs in error.   B. E.
Moore, for defendant in error.

PLEASANTS, C. J.   This is an action of
trespass to try title brought by plaintiffs in
error against the defendant in error to re-
cover a tract of 160 acres of land on the Lew-
is survey in Newton county.   In addition
to the usual allegations in an action of tres-
pass to try title, plaintiffs' petition alleged
that they feared defendant would make use
of his possession to commit injury and waste
by cutting and removing growing timber from
the land, and prayed for the issuance of a
writ of sequestration.   This writ was issued
as prayed for and the land taken into posses-
sion by the officer charged with the execution
of the writ.   The defendant's answer contains
a plea of not guilty and plea of limitation of
ten years, and also plea in reconvention for
damages for the levy of the writ of seques-
tration.   Upon the trial in the court below a
general demurrer presented by plaintiffs to
defendant's answer was overruled, but two
special exceptions presented to that portion
of the answer seeking to recover damages for
the unlawful levy of the writ of sequestration
were sustained.   After the court had ruled
upon the general demurrer and special ex-
ceptions, plaintiffs dismissed their suit.   The
cause then went to trial on defendant's plea
of title by limitation and prayer for recovery
of the land, and the trial resulted in a ver-
dict and judgment in favor of defendant for
the title and possession of the land.

The answer of the defendant, omitting the
plea in reconvention for damages, to which
exceptions were sustained, as before stated,
is as follows: "In this cause comes the de-
fendant, A. R. Wagner, demurs to plaintiffs'
petition, says same shows no cause of action
and prays judgment.   If required to further
answer, the defendant says he is not guilty
of the several wrongs, injuries and trespas-
ses charged in plaintiffs' petition, and he de-
mands strict proof of same and puts himself
upon the country.   This defendant shows to
the court that he is now, and for more than
30 years has been, the head of a family and
that he resided upon and in peaceable and ad-
verse possession of the land described in
plaintiffs' petition, together with his said
family, for a period or more than 10 years
continuously before the filing of plaintiffs'
said petition, cultivating, using and enjoying
the same, claiming same adversely against
all others, and that his said occupancy was
open and notorious.   Wherefore, defendant

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

prays that upon a hearing he have judgment for title and possession of the land herein named, for his damages and costs, and for such other relief as the facts show him entitled to in law or in equity."

Under appropriate assignments of error plaintiffs complain of the judgment of the court below on the ground that defendant's answer was not sufficient to entitle him to prosecute a suit for the recovery of the land against plaintiffs, or to entitle him to a hearing on his prayer for the recovery of the land after plaintiffs had dismissed their suit against him.

[1] It is contended that the cross-bill contains no description of the land, no allegation that defendant has title thereto, nor that he was in possession and was ejected by plaintiffs, and as the allegations of the answer would be wholly insufficient to maintain an independent suit for recovery of the land, or to remove cloud from title, such answer is insufficient to entitle defendant to affirmative relief in this suit.

We cannot agree with plaintiffs' counsel in this contention. Notwithstanding plaintiffs had dismissed their suit, their petition could be looked to in aid of defendant's answer for the purpose of identifying and furnishing a description of the land mentioned in the plea of limitation. This plea, while it does not allege in terms that defendant has title' to the land, alleges facts which, if true, show that title had vested in him under the statute of limitation in the absence of pleading and proof of disability on part of the prior holders of the title.

[2] It is true this plea may be used as a defensive plea and is often used only in this way, but when coupled with a prayer for recovery of the land to which it is sought to be applied, it becomes an affirmative plea of title and will support a judgment for the recovery of the land.

[3] If the facts stated in a defensive plea show no more than that the plaintiff is not entitled to recover, such plea would not support a prayer for affirmative relief. This was the decision in the case of Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427. But where the facts stated in the plea are sufficient to entitle the defendant to maintain a cause of action thereon the fact that the allegations of the plea are sufficient to defeat plaintiff's claim and are pleaded for that purpose, as well as for the purpose of showing an affirmative right in defendant, do not destroy or in any way effect their sufficiency to support a prayer for affirmative relief. We understand this to be the rule announced in Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056.

[4] We think the allegations and prayer clearly indicate that the defendant intended to insist upon the plea of limitation as an affirmative plea in reconvention for the recovery of the land, and did not make such plea only in defense of plaintiffs' suit.

[5] The only remaining question presented by appellants' brief is whether the trial court erred in permitting defendant to show by the witness, R. E. King, that a book which witness had in his hands was "Vol. 2 of the State Abstract Books," and that said book showed that the land in controversy had been patented to Lewis.

The proposition advanced under the assignment presenting this question is the following: "The Memoranda contained in the 'Abstract of Titles and Patented Lands' were not competent to prove that the land in controversy had been patented, especially in the absence of any proof accounting for the absence of the original evidence, as in this case."

We think the evidence was admissible for the purpose of showing that the state had parted with its title to the land. The book in question was issued by the state and placed in the hands of its officers for the purpose of enabling them to ascertain what lands are subject to taxation and the entry in this book showing that the survey of land in question had been patented by the state was prima facie evidence of that fact and was admissible as primary evidence.

We think none of the assignments presented in appellants' brief should be sustained,. and that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.