## HOUSTON v. DARNELL LUMBER CO.†

(Court of Civil Appeals of Texas. Ft. Worth. March 16, 1912. Rehearing Denied April 20, 1912.)

**1. FRAUD (§ 11*)—FRAUDULENT REPRESENTATIONS—EXPRESSION OF OPINION.**

Though representations made, which induced the taking of a certificate of deposit in payment for lumber, were mere expressions of opinion, they entitled the person injured thereby to recover from the maker if he had knowledge of their falsity, and uttered them with a fraudulent intent to induce the purchase of the certificate.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 12, 13; Dec. Dig. § 11.*]

**2. JUDGMENT (§ 256*)—SUPPORT IN VERDICT—SPECIAL FINDINGS.**

Under Rev. St. 1895, art. 1335, which requires a court to enter judgment in conformity with the verdict, a judgment for the plaintiff in an action for fraudulent representations was authorized where the jury specially found that the defendant knew the representations made were untrue at the time of their making, and that the defendant did not in good faith believe his statements to be true, though another finding answered the question whether the statements were untrue in the negative, as the inconsistency must have been created by a clerical error of the jury in transcribing its verdict.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

Dunklin, J., dissenting in part.

Error from District Court, Tarrant County; R. H. Buck, Judge.

Action by the Darnell Lumber Company against Otho S. Houston and others. From a judgment for plaintiff, Houston brings error. Affirmed.

See, also, 135 S. W. 1065.

S. L. Samuels and Theodore Mack, both of Ft. Worth, for plaintiff in error. Stewart & Templeton, of Ft. Worth, for defendant in error.

DUNKLIN, J. The City Loan & Trust Company, a private corporation, organized for the purpose of "the accumulation and loan of money," and doing business in the city of Gainesville, executed and delivered to Otho S. Houston the following instrument in writing: "Gainesville, Texas, January 7, 1905. No. 141. This certifies that Otho S. Houston has deposited with the City Loan and Trust Company, Gainesville, Texas, $1,500, fifteen hundred dollars, payable to the order of himself on the return of this certificate properly indorsed. 6 per cent. interest if left 6 months. ...... 12 months. Not subject to check. No interest after one year. Payable November 1st, 1905. J. W. Blanton, Secy." Houston indorsed the instrument, "without recourse," and transferred it to W. H. Peckham. Peckham indorsed it, and delivered it to Charles Grusendorf, who then sold it to the Darnell Lumber Company before its maturity for a valuable consideration paid, indorsing the same in writing. The Darnell Lumber Company was unable to collect the obligation from the maker, and instituted this suit against the City Loan & Trust Company, Grusendorf, and Houston. The facts above recited were alleged in plaintiff's petition, and by reason thereof judgment was sought against the City Loan & Trust Company and Grusendorf; the petition alleging that W. H. Peckham was dead. In order to show a cause of action against Houston, plaintiff alleged, in part, substantially, that before plaintiff purchased the obligation from Grusendorf, and pending negotiations therefor with Grusendorf, its vice president and general manager, J. R. Darnell, who was acting for it in the transaction, applied to Houston for information within the knowledge of the latter relative to the solvency of the City Loan & Trust Company, and whether the obligation would be paid at maturity, informing Houston at the time of such inquiry that Grusendorf was offering the instrument to plaintiff in payment for lumber which he was desirous of then purchasing from plaintiff, and informing Houston of the further fact that plaintiff was contemplating an acceptance of such offer. According to further allegations in the petition, Houston, in reply to said inquiry, represented to J. R. Darnell that the certificate of deposit mentioned above was issued to him in consideration for money deposited with the maker, that the City Loan & Trust Company was solvent, and that the certificate of deposit was as good as gold. Plaintiff alleged that Darnell believed said representations to be true; that he was induced thereby to purchase the certificate of deposit from Grusendorf; that said representations were untrue; that Houston knew of their falsity at the time he made them; that he made them for the purpose of deceiving and defrauding plaintiff, and in pursuance of a previous agreement with Grusendorf so to do. In his answer Houston denied all those allegations.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

The case was submitted to a jury upon special issues, which, together with the findings of the jury thereon, are as follows, the findings, for the sake of convenience, being copied so as to follow the respective issues in regular order:

"Gentlemen of the jury: You will from the evidence introduced true findings make upon the following special issues, to wit: Find and state whether or not, before the plaintiff purchased from Charles Grusendorf the certificate of deposit issued by the defendant City Loan & Trust Company to Otho S. Houston and described in plaintiff's petition, he, the said Houston, stated to Mr. Darnell, plaintiff's representative:

"(1) That said certificate was as good as gold." Answer: "To issue No. 1 we answer: Yes."

"(2) That the City Loan & Trust Company was solvent." Answer: "To issue No. 2 we answer: Yes."

"(3) That the certificate was issued for money deposited with said City Loan & Trust Company by said Houston." Answer: "To issue No. 3 we answer: Yes."

"If you find that Houston made to Darnell the alleged representations, that said certificate was as good as gold, and that the City Loan & Trust Company was solvent, then

"(4) Find and state whether or not the same were understood by and between Houston and Darnell as statements of fact." Answer: "To issue No. 4 we answer: Yes."

"Or (5) as statements of opinion merely of Houston." Answer: "To issue No. 5 we answer: Yes."

"If you do not find that any of said alleged representations by Houston to Darnell were made, it will be unnecessary for you to consider any of the following special issues; but, if you find that any of said representations were made by Houston to Darnell, then you will (6) further find and state whether or not the same were untrue." Answer: "To issue No. 6 we answer: No."

"And, if you find the same were untrue, then and in that event only you will further find and state (7) whether or not said Darnell believed them to be true." Answer: "To issue No. 7 we find: Yes."

"And (8) whether or not he was thereby induced to purchase said certificate from Grusendorf." Answer: "To issue No. 8 we answer: Yes."

"And (9) whether or not said Houston knew the same to be untrue when he made them, if you find he made them." Answer: "To issue No. 9 we answer: Yes."

"And (10) whether or not he, said Houston, in good faith believed any of said representations, if any, to be true." Answer: "To issue No. 10 we answer: No."

"And, if yea (11) then which of said representations did he so believe to be true?" Answer: "To issue No. 11 we answer: None."

"And (12) did he have a reasonable basis for such belief?" Answer: "To issue No. 12 we answer: No."

"(13) Find and state whether or not said representations, if any, were made before the sale of the certificate by Houston to Grusendorf, and for the purpose, on the part of Houston, of thereby effecting said sale of the said certificate to Grusendorf by Houston." Answer: "To issue No. 13 we answer: Yes."

"Or (14) whether or not said Houston had already sold said certificate to Grusendorf before said representations, if any, were made by Houston to Darnell." Answer: "To issue No. 14 we answer: Yes."

Judgment was rendered in favor of plaintiff against the City Loan & Trust Company, Grusendorf, and Houston for $1,500, together with interest thereon, aggregating $1,939.25, from which Houston alone has prosecuted this writ of error.

[1] By the first assignment of error the contention is made that the alleged misrepresentations necessarily must be held to be mere expressions of opinion, and that, at all events, the findings upon issues Nos. 4 and 5 shown above were so inconsistent and conflicting with each other as to be insufficient to support the judgment, which, therefore, was erroneous. Even though the representations made by Houston be considered as statements of opinion only, as found by the jury in answer to special issue No. 5, nevertheless, if the same were false, we think they constituted a sufficient predicate for the judgment if Houston knew them to be false and if he made them with the fraudulent intent to deceive Darnell and to induce him to purchase the certificate of deposit, and if they did have the effect so intended. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Lahay v. City Nat. Bank, 15 Colo. 339, 25 Pac. 704, 22 Am. St. Rep. 407; also numerous decisions cited in notes 18 Am. St. Rep. 555 to 561, inclusive; 20 Cyc. 35, 36, 37, and 71 to 75, inclusive; other decisions cited in 23 Cent. Dig. under title "Fraud," par. 9, cols. 1662 to 1665.

By the third assignment the contention is made that the findings upon issues 13 and 14 were in conflict with each other, and that by reason thereof the judgment was erroneous. We are unable to perceive any conflict between these two findings, and hence overrule this assignment.

[2] The only remaining assignments are those under which plaintiff in error insists that there is a material conflict between the respective findings upon issues Nos. 6 and 9 that by reason thereof the judgment rendered was erroneous, and that the court erred in overruling appellant's motion for a new trial, urging that conflict as one of the grounds for the motion. It will be noted that, in response to issue No. 6, the jury found that the representations made by Houston to Darnell were not untrue, while in an-

swer to issue No. 9 they found that Houston knew those representations were untrue at the time he made them. In response to issues Nos. 10, 11, and 12, the jury further found that Houston did not in good faith believe any of said representations to be true, and had no reasonable basis for such a belief. Notwithstanding the opinion given by E. B. Blanton, president of the City Loan & Trust Company, upon the witness stand to the contrary, it was shown by overwhelming evidence, including other testimony of said Blanton, that said company was insolvent at the time plaintiff acquired the instrument which was made the basis of the suit. The majority of this court are of the opinion that, when all the findings returned by the jury are read in the light of the evidence last noted, it clearly appears that the findings in response to special issue No. 6, as written, was a clerical error of the jury in reducing it to writing; that, in response to that issue, the jury in fact found that the representations referred to in the verdict were untrue; that the assignments now under discussion should be overruled, and it is so ordered. Kingsbury v. Price, 59 S. W. 52; City of San Antonio v. Marshall, 85 S. W. 315. The majority are not unmindful of the provisions of article 1335, Revised Statutes, requiring the court to enter judgment in conformity with the verdict, nor of the many decisions of our Supreme Court and Courts of Civil Appeals in which it is held that, when issues of fact are submitted to a jury, their verdict thereon constitutes the sole basis for the judgment, even though facts not so found be established by uncontroverted proof, notably Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Henne v. Moultrie, 97 Tex. 216, 77 S. W. 607; S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200. But they are of the opinion that by construing the verdict as a whole the apparent conflicts are reconciled, and thus the court does not supplement nor contradict the findings made by the jury, and hence in reaching the foregoing conclusion the rule announced is not contravened. And in this connection attention is called to the leading case of Ablowich v. Bank, supra. That was a suit on promissory notes and to foreclose a lien on land given to secure their payment, and a judgment for the debt and for foreclosure was reversed because the foreclosure was not awarded by the jury. The lien was proven by uncontroverted written evidence and the trial judge directed a verdict for a foreclosure of the lien in the event the debt was established and gave a form of verdict to that effect. In that case our Supreme Court said: "In returning the verdict, the jury adopted the very language of the court in the form of the verdict as to the note, but omitted that portion which referred to the mortgage lien. It therefore cannot be said that the jury found in favor of the lien, but it must necessarily follow that they found against it when they expressly eliminated from the verdict which they found the language finding the lien." Furthermore, attention is called to the familiar rule that verdicts may be read in the light of the court's instructions in order to properly interpret them.

With the conclusion reached by the majority upon the assignments last discussed, the writer is unable to agree for the following reasons: The rule is that, if the findings of the jury on material issues are inconsistent with each other, then the verdict will not support a judgment. Waller v. Liles, supra; Moore v. Moore, 67 Tex. 293, 3 S. W. 284; Van Valkenburg v. Ruby, 68 Tex. 142, 3 S. W. 746; Blum v. Rogers, 71 Tex. 676, 9 S. W. 595; Maxwell v. First Nat. Bank, 23 S. W. 342; Stoker v. Fugitt, 102 S. W. 745; Earnest v. Lake, 101 S. W. 480; Pierce v. First State Bank, 135 S. W. 1062. In the case of Moore v. Moore, supra, plaintiff, Geo. F. Moore, sued H. W. Moore to recover title to one half of a tract of land of 1,020 acres and to subject the other half to a probated claim against the estate of C. A. Rice, deceased. The verdict returned read: "We, the jury, find for the defendant H. W. Moore one-half of the 1,020 acres of land claimed by him." Judgment was rendered on this verdict decreeing title to one-half of the land in plaintiff and one-half to defendant. Our Supreme Court held that the verdict was insufficient to support the judgment rendered, and in discussing that question used the following language: "It is the right of the parties to have the jury pass upon all of the facts controverted by the pleadings, and, when they have omitted to do this, however clear and undisputed the evidence upon the issues not found, the court cannot render judgment without usurping in part the functions of the jury, and thereby render judgment infringing a right guaranteed by the Constitution and laws. * * * As to the true construction of such a verdict neither the lower court nor this court is permitted to speculate. The verdict must find all the issues made by the pleadings in language which does not admit of mistake. It should be the end and not the continuation of the controversy." The evidence appearing in the statement of facts bearing upon issues 8 to 12, inclusive, was conflicting, and there was sufficient evidence to support findings in plaintiff in error's favor upon each and all of those issues. It seems to the writer that to look to the evidence establishing the falsity of the representations, and then consider the verdict in the light of that evidence and thus reconcile the conflict so plainly apparent between the findings on issue No. 6 with those upon issues Nos. 9 to 12, inclusive, and conclude that necessarily the jury must have found that the representations made by Houston

to Darnell were false, would be to invade the province of the jury and contravene the rule so well established by the decisions above noted and many others, especially in view of the further conflict between the findings upon issues Nos. 4 and 5. For these reasons the writer is of the opinion that the assignments of error last discussed should be sustained, and the judgment reversed.

All assignments of error having been overruled, the judgment is affirmed.