WHITAKER et al. v. BROWNING et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 30, 1912. On Motion for Re-hearing, Feb. 15, 1913.)

1. ACTIONS (§ 57*) — CONSOLIDATION OF CAUSES.

Where in trespass to try title, because of disclaimers filed by the parties, the only issues involved were issues of boundary, the correct location of which depended on the same proof, a consolidation of the causes was not prejudicial.

[Ed. Note.—For other cases, see Actions, Cent. Dig. §§ 632–675; Dec. Dig. § 57.*]

2. CONTINUANCE (§ 22*)—GROUNDS—ABSENCE OF WITNESSES—STIPULATIONS.

It is not error to deny a continuance on the ground of the absence of a witness, whose testimony is in the record of the trial of a companion case and available to the parties pursuant to a stipulation signed by them.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 58–67; Dec. Dig. § 22.*]

3. NEW TRIAL (§§ 47, 56*)—MISCONDUCT OF PRESIDING JUDGE — COMMUNICATION WITH JURY.

Rev. Civ. St. 1911, art. 2021, making a communication with the jury during their deliberation a ground for new trial, provided such communication is material, includes a communication made by the judge, but a new trial will not be granted unless injury resulted therefrom.

[Ed. Note.—For other cases, see New Trial, Cent.Dig. §§ 88–95, 116–119; Dec.Dig. §§ 47, 56.*]

On Motion for Rehearing.

4. EVIDENCE (§ 342*) — RECORDS — CERTIFIED COPIES.

Under Rev. Civ. St. 1911, art. 3700, making a certified copy of any instrument affecting title to land admissible in evidence when a proper predicate is laid, and article 5445, declaring that a certificate that a person named has filed proof of residence and occupancy of land for three years is a muniment of title and may be recorded, a certified copy of such a certificate is admissible in evidence on a proper predicate being laid.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1302–1314; Dec. Dig. § 342.*]

5. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

The error, if any, in admitting evidence to prove a fact shown by competent evidence is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

6. EVIDENCE (§ 175*)—RECORDS—ADMISSIBILITY.

Excerpts from the Abstract of Texas Land Titles, published by the land commissioner as required by Rev. Civ. St. 1911, art. 5389, are admissible in evidence in trespass to try title.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 561, 565, 568, 569; Dec. Dig. § 175.*]

Appeal from District Court, Baylor County; J. A. P. Dickson, Judge.

Action between B. F. Whitaker and others and Mrs. Jennie Browning and others. From a judgment for the latter, the former appeal. Affirmed.

W. N. Coombes, of Benjamin, H. G. McConnell, of Haskell, and Theodore Mack, of Ft. Worth, for appellants. Cowan & Burney, of Ft. Worth, R. S. Holman, of Spur, Stephens & Miller, of Ft. Worth, and B. G. Worswick, of Dickens, for appellees.

Conclusions.

DUNKLIN, J. [1] In view of the disclaimers filed by all parties, leaving the only issues to be tried issues of boundary only, the correct location of which depended upon the same proof, namely, the original location of the block of surveys, including all the land in controversy, and which were all located at the same time by the same surveyor, appellants could not have been prejudiced by the consolidation of causes mentioned in the first assignment of error.

[2] There was no error in overruling appellants' application for continuance, as the testimony of the absent witness was in the record of the trial of the companion case of Jennie Johnson v. C. C. Haile, and was available to appellants under the agreement signed by all parties that the same might be used as evidence upon the trial of this cause.

[3] It clearly appears that the communication with the jury by the trial judge, made the basis of the third assignment of error, had no effect whatever upon the minds of the jury in reaching their verdict. Article 2021, Revised Statutes 1911, which was enacted in 1905, makes a communication with a jury during their deliberations a sufficient ground for a new trial in the event only that such communication be found material. That statute is broad enough to include the action of the judge now complained of within the communications therein mentioned. This statute was not discussed by our Supreme Court in the case of Tex. Mid. Ry. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137. But whether or not it was there considered can make no difference, we think, in determining the merits of the assignment now under discussion, since, under the new rule adopted by our Supreme Court, the communication would not be reversible error if no injury resulted therefrom.

In view of the fact that appellants filed disclaimers of title to the east half of A. C. H. & B. Railway Survey No. 4, claimed by Mrs. McCarty, leaving, as above noted, the only issues to be tried between all the parties issues of boundary only, assignments Nos. 4, 5, 6, 7, 8, 9, and 11, complaining of the admission of evidence to prove Mrs. McCarty's title, are overruled. For the same reason there was no error in the refusal of appellants' requested instruction No. 1 peremptorily directing a verdict in their favor against Mrs. McCarty. Viewing all the special findings contained in the verdict in the light of the evidence introduced, it is clear

that the jury concluded that the work on the ground by Surveyor Williams was correct, and that the true locations of all the disputed boundaries were the same as those recited in the judgment afterwards rendered. Houston v. Darnell Lbr. Co., 146 S. W. 1061. We are of the opinion further that the verdict and judgment are supported by the evidence.

The judgment is affirmed.

On Motion for Rehearing.

In our original opinion we were in error in stating that appellants had filed disclaimers of title to the east half of A. C. H. & B. Railway Survey No. 4 claimed by Mrs. McCarty. Hence it becomes necessary to discuss the merits of appellant's assignments Nos. 4, 5, 6, 7, 8, 9, and 11. Mrs. McCarty filed a plea over against appellant B. F. Whitaker in the form of trespass to try title to recover that land. To this plea over B. F. Whitaker filed a plea of general denial and not guilty. No issue was joined between Mrs. McCarty and appellant Cannon relative to this land. Cannon did not claim the land, and neither did Mrs. McCarty seek to recover from him.

[4] By the ninth assignment of error complaint is made of the admission in evidence of a certified copy of a certificate from the Commissioner of the General Land Office that W. G. McCarty had filed proof of residence and occupancy of the land for three consecutive years, as required by the statute, and that the land was originally sold to J. F. Speer. One objection made to the admission of that testimony was because "it is only secondary and admissible only after the best evidence has been accounted for." There were other grounds of objection, but the one just stated is the only ground of objection assigned in the proposition submitted under the assignment now under discussion. By article 5445, Rev. Statutes 1911, such a certificate from the Land Commissioner is expressly made a muniment of title permitted to be recorded by the county clerk; and by article 3700 of Revised Statutes a certified copy of any instrument affecting title to land is made admissible in evidence when the predicate therein prescribed is complied with. There is nothing to show that the proper predicate had not been laid for the introduction of this certified copy rather than the original. Hence the assignment is overruled.

[5] If the cards issued by the Commissioner of the General Land Office and mentioned in the seventh and eighth assignments of error were improperly admitted in evidence, the error was harmless, as the certificate of the Land Commissioner mentioned above was sufficient prima facie to show title out of the state. Binion v. Harris, 32 Tex. Civ. App. 371, 74 S. W. 580.

[6] According to the decision in Jones v. Wagner, 141 S. W. 280, the excerpts from the Abstract of Texas Land Titles, shown in the fifth and sixth assignments of error, were admissible. By statute it is made the duty of the Land Commissioner to publish abstracts for patented title and surveyed lands. Article 5389, Revised Statutes 1911. A writ of error in the case of Jones v. Wagner, supra, was denied by our Supreme Court, as shown in 142 S. W. xxxvii. But even though it be said that that decision is in conflict with the decision of our Supreme Court in Bassett v. Martin, 83 Tex. 339, 18 S. W. 587, and erroneous, nevertheless the error in admitting such abstract was harmless, as the same fact shown by this evidence was established by the certificate of the Land Commissioner of proof of occupancy of the land for the period of three years, as shown above. And, with that proof properly in the record, the transfer from C. M. Speer to W. G. McCarty, mentioned in the sixth assignment of error, and the deed from W. G. McCarty to J. J. McCarty, mentioned in the eleventh assignment of error, were properly admitted, and the peremptory instruction requested by appellants and referred to in the tenth assignment of error was properly refused.

Motion overruled.