BENTON v. KUYKENDALL et ux.

(Court of Civil Appeals of Texas. Dallas. March 15, 1913. Rehearing Denied Nov. 15, 1913.)

1. APPEAL AND ERROR (§ 301*)—MOTION FOR NEW TRIAL — CONTENTS — OBJECTION TO CHARGES.

Court of Civil Appeals rule 24 (142 S. W. xii), which requires assignments of error to distinctly specify the grounds of error relied on, and that a ground not distinctly set forth in the motion for new trial shall be considered as waived, unless it be fundamental, is in conflict with Rev. Civ. St. 1911, art. 2061, providing that rulings on instructions shall be regarded as excepted to in all cases, and article 2062 providing that, where the ruling appears otherwise of record, no bill of exceptions is necessary to reserve an exception thereto, and hence assignments of error to the giving or refusing of charges, and to other rulings which otherwise appear of record, are entitled to consideration whether a motion for new trial complaining of such rulings is filed and urged in the trial court or not.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

2. COURTS (§ 92*)—RULINGS OF DECISION—HIGHEST APPELLATE COURT.

The Supreme Court's construction of a rule of court, clearly expressed, and called for by the questions certified, is not obiter dictum, but is binding upon the Court of Civil Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335; Dec. Dig. § 92.*]

3. EVIDENCE (§ 397*) — PAROL EVIDENCE — FRAUD.

Where the terms of a contract are reduced to writing, parol evidence is inadmissible to add to or vary its terms in the absence of fraud, accident, or mistake.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1756–1765; Dec. Dig. § 397.*]

4. EVIDENCE (§ 434*)—PAROL EVIDENCE AFFECTING WRITINGS—FRAUD.

Allegations that, to induce him to sell timber, defendant fraudulently represented that notes made by another party and given in payment therefor were good, that the maker was solvent, and that they would be paid, that plaintiff had no means of investigating such representations, but acted thereon and accepted the notes as consideration for the timber, and that the statements were in fact false, were sufficient to admit parol evidence to vary the written contract of sale, or to show the facts inducing its execution.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.*]

5. FRAUD (§ 18*)—LEGAL FRAUD—MATERIALITY.

Such false statements relied upon by the plaintiff were material, and operated as a legal fraud upon him.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 16; Dec. Dig. § 18.*]

6. FRAUD (§ 31*)—ACTION FOR DAMAGES—AFFIRMANCE OF CONTRACT.

Where defendant, on purchasing timber from plaintiff, falsely represented that the maker of notes given in consideration therefor was solvent, and that the notes would be paid, and plaintiff, in reliance thereon, made the contract, and delivered timber thereunder, plaintiff might recover a money judgment for the value of the timber delivered and tendered, while at the same time affirming the contract, since the deceit was in the method of payment, and not in the contract itself.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 27; Dec. Dig. § 31.*]

7. FRAUD (§ 13*) — FALSITY — KNOWLEDGE THEREOF.

Where one states as of his own knowledge material facts whereby another is defrauded, it is no defense to reply that, although the statements were false, the person making them believed them to be true, and where worthless notes of a third person, falsely represented to be good, were indorsed to plaintiff "without recourse" in payment under a contract, the defendant, when sued for damages for the deceit, could not shield himself behind such indorsement.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

8. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO ISSUES.

Where it could be found that, when the notes were discussed and agreed to be taken by plaintiff as a consideration for the sale of his timber, defendant had falsely represented that the maker of them was solvent, and that they would be paid, when in fact he was not solvent, and the notes were worthless, a charge that the undisputed evidence showed that under the contracts defendant did not agree to guarantee the solvency of the maker or the payment of the notes by him was properly refused as not conforming to the proof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

9. FRAUD (§ 64*) — ACTION FOR DAMAGES — QUESTION FOR JURY.

In an action for fraud in giving worthless notes as the consideration of a contract, under which plaintiff sold and defendant took and removed timber, the questions whether plaintiff accepted the notes relying upon his own judgment as to their value, and whether he had opportunity to investigate their value before making the contract, were for the jury.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 65½, 67–71; Dec. Dig. § 64.*]

10. FRAUD (§ 22*)—ESTOPPEL TO DENY FALSITY.

When fraudulent misrepresentations are shown by which a person was induced to enter into a contract, it is no answer to his claim for damages to assert that he might have known the truth by further inquiry; the defendant being estopped from so asserting want of caution.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 19–23; Dec. Dig. § 22.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**11. FRAUD (§ 64*) — ACTION FOR DAMAGES — QUESTION FOR JURY.**

Under evidence in an action for fraud in representing notes given as consideration for a contract for the sale of timber to be good, *held*, that the questions whether the representations were made by defendant before or at the time the first contract was made, and whether his later statements to plaintiff as to the notes were intended to and did induce plaintiff to make a second contract, were for the jury.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 65½, 67–71; Dec. Dig. § 64.*]

**12. FRAUD (§ 13*)—DECEPTION CONSTITUTING FRAUD—KNOWLEDGE OF FALSITY.**

Whether a party making a contract, and misrepresenting a material fact, knew it to be false, or made the assertion without knowing whether it was true or false, is immaterial, for the affirmation of what one does not know or believe to be true is as unjustifiable as the affirmation of what is known to be positively false.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

**13. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR — CONTRADICTORY INSTRUCTIONS — RULING OF COURT.**

Where a general charge, in an action for fraud, erroneously required that the representations be knowingly and falsely made, and a special charge relieved the plaintiff of the burden of showing that they were knowingly made, and the evidence showed that defendant knowingly and falsely represented that the notes were good, and their maker solvent, and that, if he did not knowingly make such representations, they were in fact false, and the notes worthless, the defendant could not be injured whichever rule was adopted by the jury, and hence such contradiction in the charges could not probably cause the rendition of an improper judgment, so as to be reversible error within rule 62a (149 S. W. x).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

**14. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO ISSUES.**

In an action for fraud, where the evidence was wholly insufficient to show that the representations made by defendant were mere expressions of opinion, the defense being that no such representations were made, the refusal of his requested instruction that, if they were such, plaintiff could not recover was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

**15. TRIAL (§ 260*)—REFUSAL OF INSTRUCTION—INSTRUCTION GIVEN.**

The refusal of requested charges was not error where the matter was sufficiently covered by other charges given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by J. W. Kuykendall and wife against C. A. Benton. Judgment for plaintiffs, and defendant appeals. Affirmed.

Richard Mays, of Corsicana, for appellant. Simkins & Simkins and W. J. Weaver, all of Corsicana, for appellees.

TALBOT, J. J. W. Kuykendall instituted this suit on December 13, 1910. On March 25, 1912, his wife, Mrs. Olivia Kuykendall, became a party plaintiff, adopting the allegations of her husband's first amended original petition, upon which the case was tried. It was alleged, in substance, that on May 25, 1910, appellee Kuykendall made a written contract with the appellant, C. A. Benton, by which appellees sold to him 300 cords of wood, and that Benton paid them therefor two notes for $300 each, payable in lumber, made by J. S. Brasher, and the further sum of $300 in money; that afterwards, on July 6, 1910, said appellee made another written contract with appellant, Benton, by which appellees sold to him 1,500 cords of wood in the tree, upon land owned by appellees, and for which appellant paid and delivered to them three promissory notes, payable in lumber, executed by the said J. S. Brasher, one for $395.21, and the other two for $300 each, aggregating the sum of $995.21. It was further alleged that the first contract was executed by the parties, appellees having delivered 300 cords of wood to appellant, and received the two notes, together with $300 in money; that under the second contract its execution was being proceeded with, at, and prior to the filing of the suit, and that appellant had cut and hauled from the land 350 cords of wood of the reasonable value of 60 cents per cord; that there is now standing on said land 1,150 cords of uncut wood, which appellant bought, and which was held subject to his order and disposition, and that it was also worth 60 cents a cord; that appellant, at the time of the making said contracts, represented to appellee Kuykendall that the maker of the notes was solvent, that the notes were good, and the lumber would be delivered when called for, upon which appellee relied, and that said representations were not true, and that the appellant knew they were not true, or that same were made by the appellant without any knowledge of the truth, and that the appellant carelessly and recklessly made said statements and representations with a view of inducing appellees to accept said notes; that said notes were of no value, the maker insolvent, and nothing had been collected thereon; and by reason whereof appellees had been damaged in the sum of $600, being the value of 200 cords of wood delivered under the first contract, $210 for the value of wood already cut from the land under the second contract, and that he also have judgment in the further sum of $690 for the uncut wood upon the land, which is now tendered to appellant. Appellee further alleged that he had accepted the notes as payment for the wood he sold appellant on the faith of the representations made to him by appellant as to their worth and solvency, that said representations were false, and that appellees had been thereby injured, and prayed that he recover the value of what wood the appellant had cut

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

and hauled and what wood he had delivered under the contracts. He also alleged that he had tendered the wood which was due appellant under the second contract, and asked for the value of the wood, but did not recover it. He further alleged that he did not know the maker of the notes, nor anything about his solvency, and had no means of finding out same; that no consideration passed to him under the two contracts except the sum of $300 cash for his timber and five worthless notes. He stated that he had accepted the notes for his timber, and he would not have done so had he not relied with confidence upon the word, statement, and representations of the appellant; that the notes were worthless, and that appellant knew it at the time he made the statements, or that he made the statements in a careless and reckless way without knowledge, which statements had injured appellee; that he had performed his part of the contracts; and that he brought this suit by reason of the fraudulent consideration given him, which had been represented by appellant to be a good one. He alleged that the consideration given him, and upon which he had executed the written contracts, had been represented to him by appellant to be a good consideration, and but for which representations he would not have executed the contracts, and that the notes were worthless. He brought suit to recover the value of the timber appellant had used, and for which he never paid because the notes were worthless. From the allegations of appellee's petition, it appears that all of the notes involved in the suit were past due when received by appellee. The original payee was C. E. Bowers. He transferred the notes without recourse to J. F. Yates, who transferred them to appellant without recourse, and appellant in turn transferred them to appellee without recourse; such transfers having been indorsed on the notes. Appellant answered by general demurrer, special exceptions, general denial. He also filed a cross-action, claiming a breach of the contracts on appellee's part, and a denial of his right to enter upon the land and remove the timber bought from appellee, and prayed for damages in the sum of $914.25, etc. On March 26, 1912, appellees filed their second trial amendment, and for the first time tendered a return of the five notes. The case was tried before the court and a jury, and appellee recovered a judgment for $600 for the first 200 cords of wood delivered by him, and the further sum of $168 for 281 cords of wood cut and hauled by the appellant himself, but recovered nothing for the wood which appellant did not cut under the second contract. The judgment further provided that appellant take nothing by his cross-bill. From the judgment rendered, the appellant has appealed.

At the last term of the court we refused to consider appellant's assignments of error, because neither of them showed that the error therein complained of was distinctly set forth in a motion for a new trial in the district court, and did not point out the page of the transcript or particular clause of the motion in which the error was complained of, in accordance with amended rule 24 (142 S. W. xii) and rule 25 (142 S. W. xii) promulgated by the Supreme Court for the government of the Courts of Civil Appeals, and, there being no fundamental error apparent of record, we affirmed the case. Appellant filed a motion for a rehearing in this court in due time, and cites the decision of our Supreme Court in Railway Co. v. Beasley (Sup.) 155 S. W. 183, in support of the contention that we erred in declining to consider his assignments of error.

[1] It is clear to us that the Supreme Court in the Beasley Case holds that, notwithstanding rule 24, as amended in 1912, assignments of error which complain of the giving or refusing of charges, and to other rulings of the trial court which otherwise appear of record, are entitled to consideration, whether a motion for a rehearing including and complaining of such rulings is filed and urged in the trial court or not. It is said, in effect, by the Supreme Court that said rule, in so far as it requires the character of rulings referred to to be set up in a motion for a new trial, is in conflict with articles 2061 and 2062 of the statute and the construction placed upon said articles by that court, and must be interpreted and construed so as to harmonize with said articles and former decisions.

[2] The Supreme Court's construction of amended rules 24 and 25, as shown in the Beasley Case, cannot be regarded, we think, as obiter dictum and not binding on the Courts of Civil Appeals. The holding of the Supreme Court seems to have been called for by the questions certified, and is without equivocation and expressed in emphatic language. However we may believe that the amendments to said rules and the adoption of rule 71a (145 S. W. vii) for the government of the district and county courts were intended to change the rules of practice and procedure established prior thereto, and no matter how firmly we may believe that articles 2061 and 2062, referred to in Railway Co. v. Beasley, merely relate to and dispense with the necessity of taking formal bills of exception to the ruling of the court in giving and refusing or qualifying of instructions, and to rulings and actions of the court which otherwise appear of record, and in no wise limit or abridge the authority of the Supreme Court to require the filing of a motion for a new trial, distinctly specifying all errors sought to be made available on appeal, yet it is our duty to follow the construction of the Supreme Court, and it would be folly and a waste of time to litigants to run counter to it. Therefore our former opinion in this case will be

withdrawn, and this opinion substituted therefor.

The first assignment of error complains of the court's. refusal to give the following charge requested by appellant: "Should you believe from the evidence that Benton made the representations concerning the value of said notes and the solvency of the maker, as claimed by plaintiff, still the facts show without dispute that the plaintiff and defendant reduced their contract and agreement to writing, as evidenced by the two contracts and the five notes sold by defendant to plaintiff, and the written contract between the parties, so evidenced by the written contracts and indorsement on the notes, control and govern the liability of the parties. Therefore, by the terms of the contract, Benton having stipulated that Kuykendall was to have no recourse' on him, in the event the notes were not paid by the maker, the said plaintiff is precluded thereby from having any cause of action against defendant."

[3] The proposition advanced is that, where the terms of a contract are reduced to writing, it is error to admit parol evidence adding to or varying its terms, in the absence of fraud, accident, or mistake, as the basis of a cause of action. Admitting that ordinarily the proposition contended for correctly states the law upon the subject to which it relates, still we think there was no error in refusing to give the charge quoted.

[4] The proposition incorrectly assumes there was no fraud on the part of appellant alleged or proved as the basis of appellee's cause of action. The record shows that appellees specifically alleged fraudulent statements and representations on the part of appellant to induce appellee to sell him the wood or timber involved in this suit. He charges, in effect, among other things, that no consideration passed to him under the two contracts alleged except the sum of $300 cash and the five notes of J. S. Brasher, indorsed to him by appellant without recourse; that at the time of the making of said contracts appellant falsely and fraudulently represented to appellee that J. S. Brasher, the maker of the notes, was solvent, and that the notes were good, and would be paid in timber when called for; that he (appellant) "would not be a drop in the bucket compared to the man (Brasher) who had executed the notes," meaning thereby that the man who executed the notes was amply solvent, and that there was no necessity for him (appellant) to sign the notes in such a way as to make himself liable therefor; that appellant had represented to appellee that he (appellant) had investigated the said notes before he had traded for them, and that he knew they were good, meaning thereby that the maker was amply solvent and responsible for the notes; that none of the notes were delivered to appellee until the making of the second contract alleged, and that he did not know the maker of said notes, nor whether he was sol-

vent or not, except from the representations of appellant, and had no means of investigating and ascertaining the truth or falsity of appellant's representations; that he believed said statements and representations as, made by the appellant, and, acting upon them, accepted said notes for his timber; that said statements and representations were not in fact true; and that, had appellee known before or at the time the trade for the sale and purchase of his timber was consummated that they were untrue, he would not have accepted said notes. We have not undertaken to state in full appellee's allegations in this connection. They were abundantly sufficient, however, to admit parol evidence to vary the written contracts in this case, or to show the facts inducing their execution, and said allegations were sufficiently established by the evidence introduced to justify the verdict and judgment rendered. Had the requested charge under consideration been given, it would have deprived appellee of a valuable right, and amounted practically to a peremptory instruction to the jury to return a verdict in favor of appellant.

[5] The representations of the appellant, as alleged, of the solvency of the maker of the notes in question, and their value as a consideration for appellee's timber, if relied upon by the appellees, and if false, as found by the jury, were material, and operated as a legal fraud upon appellees, no matter how innocently they may have been made by appellant.

[6] Under the facts we think appellees had the legal right to affirm the contracts made for the sale of their timber to appellant, charging fraud in the method of payment, and to recover a money judgment for the value of the timber delivered and tendered. The deceit was in the method of payment, and not in the contract itself.

[7] The evidence shows that the notes given in payment for the larger portion of the timber were worthless, and we think appellant cannot shield himself behind an indorsement "without recourse" under the facts of this case. Appellees' suit is bottomed upon the alleged false representations as to the consideration paid for the timber, and the verdict of the jury, warranted by the evidence, affirms the truth of these allegations and that appellee in ignorance of the facts relied upon said representations to his prejudice. The law, as we understand it, will give protection and relief in such a case. McCall 'v. Sullivan, 1 White & W. Civ. Cas. Ct. App. § 6; Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; O'Connell v. Duke,. 29 Tex. 300, 94 Am. Dec. 282. Again, in Gibbens v. .Bourland, 145 S. W. 274, it is said: "If a person states as of his. own knowledge material facts by which another is induced to act to his hurt, it is no defense to reply that, although the representations were false, the person making them believed them to be true."' It is believ-

ed that this rule is sustained by the weight of authority, although some cases may be found, perhaps, not entirely in accord with it.

[8] What we have said also disposes of appellant's second assignment of error, which asserts that the court erred in refusing to give his requested charge to the effect that the undisputed evidence shows that under the two contracts made between appellant and appellee Kuykendall, as evidenced by the written contracts and notes, appellant did not agree to guarantee the solvency of said notes or their payment by the maker, Brasher, but, on the contrary, expressly stipulated that said notes were sold without recourse on him. The mere indorsement of the notes "without recourse," as we have before, in substance, stated, was not a sufficient answer to appellee's case as developed by the evidence. The evidence was sufficient to warrant a finding that, at the time the notes were discussed and agreed to be taken by appellee as a consideration for the sale of his timber, appellant had falsely represented that the maker of the notes was solvent, and that the notes were good, and would be paid, that the maker of the notes was not in fact solvent, but insolvent, and the notes worthless. Under the pleadings and proof the special charge was properly refused.

The third and fourth assignments of error charge that the verdict of the jury is contrary to the evidence (1) in that the evidence shows that appellant refused both verbally and in writing to guarantee the payment of the notes and solvency of the maker; (2) that Kuykendall relied upon his own judgment in accepting said notes; that he had an opportunity to investigate and learn for himself as to whether they were or were not of value before he made the contracts for their purchase, and accepted them indorsed without recourse. We do not agree with this view of the evidence.

[9] The first question presented has been disposed of adversely to appellant's contention by what we have already said, and whether or not the appellee accepted the notes relying upon his own judgment as to their value, or whether he had an opportunity to investigate and ascertain as to whether they were or were not of value before he made the contracts with appellant for the sale of his timber, were issues of fact for the jury. Whatever doubt the evidence may have created as to these questions, it was resolved in favor of the appellee by the findings of the jury, and we think the evidence justified their findings.

[10] As to the second question involved the rule asserted in Railway Co. v. Kisch, L. R. 2 H. L. 120, and quoted with approval in Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808, seems clearly applicable. This rule is that: "When once it is established that there has been any fraudulent misrepresentations, * * * by which a person has been induc-

ed to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to .retort upon his objector, 'You, at least, who have stated what is untrue * * * for the purpose of drawing me into a contract, cannot accuse me of want of caution, because I relied implicitly upon your fairness and honesty.'"

The sixth assignment of error complains of the court's action in refusing the following charge asked by appellant: "The undisputed testimony shows that at the time of the making of the second contract between plaintiff and defendant, on July 6, 1910, that it is not claimed by the plaintiff that defendant made any statements of any kind concerning the value of said notes or the solvency of the maker, Brasher, and therefore in no event would the plaintiff have any cause of action against defendant growing out of said contract and transfer of the last three notes." We believe there was no error in refusing this charge.

[11] It appears that the notes were all of the same kind and series, and that what was true of one was true of all. Appellee testified that he traded in the last contract made with Benton on the basis of what Benton told him before in reference to the first notes, and what he had subsequently repeated to him before the execution of the second contract on July 6, 1910. It is manifest, we think, from the record before us that the representations made by appellant as to the first notes, which were accepted under the first contract, were intended to and did operate at the time the second contract was entered into to influence appellee to make the second contract. At all events it seems clear that the jury were authorized, under the evidence, to consider whether or not the representations made by appellant before or at the time the first contract was made, and his statements afterwards to appellee Kuykendall in regard to the notes, were intended to and did materially influence and induce appellee to make the second contract. That the representations were not made at the very time of or immediately before the consummation of the second contract would not, in view of the evidence, defeat appellee's right, based thereon, to recover on the second contract. The court's charges along these lines were as favorable to appellant as he was entitled to under the evidence, and he has no just ground to complain of the refusal of the special charge in question.

[12, 13] It is further assigned that the third paragraph of the general charge and special charge No. 2, requested by plaintiff, and given by the court, are contradictory, for that in the general charge appellant's liability is correctly made to turn upon whether the representations as to the value of the notes and solvency of the maker were knowingly, falsely, and fraudulently made, where-

as, the special charge instructed the jury that appellant would be liable, regardless of whether the representations were so made. The charges are doubtless in conflict, as claimed; but we are of opinion the error is not such as was reasonably calculated to and probably did cause the rendition of an improper judgment in the case, and, unless such was the character of the error, the case should not be reversed on account thereof. Rule 62a (149 S. W. x). There seems to be no material difference in Texas between legal and equitable fraud. In the early case of *Mitchell v. Zimmerman*, 4 Tex. 75, 51 Am. Dec. 717, it is held that whether a party who, in making a contract, misrepresents a material fact "knew it to be false, or made the assertion without knowing whether it was true or false, is wholly immaterial, for, it has been justly said, the affirmation of what one does not know or believe to be true is equally, in morals and law, as unjustifiable as the affirmation of what is known to be positively false." The court was in error in the general charge in therein making the liability of appellant in this case depend upon whether the representations he made to appellee as to the value of the notes and solvency of J. S. Brasher, the maker, were knowingly and falsely made. The correct rule was given substantially in special charge No. 2, requested by the appellee, wherein the jury were told that, if they believed from the evidence that the notes in controversy were indorsed without recourse, and further believed that at the time the purchase and sale of said notes was discussed between the parties the defendant represented to the plaintiffs that said notes were good and solvent, and further believed that said notes were worthless, etc., to find for plaintiffs. The general charge imposed a burden upon appellees which the law did not do. The special charge undertook to relieve them of that burden, and, no matter which rule was adopted by the jury in arriving at their verdict, the appellant was not injured, for the evidence warranted the conclusion that appellant "knowingly and falsely represented that the notes were good, and the maker of them solvent, and that, if he did not knowingly make them, they were in fact false, and the notes worthless."

[14] The assignments of error complaining of the trial court's refusal to give special charges asked by appellant, to the effect that, if the representations made by appellant were mere expressions of his opinion, plaintiff could not recover, will also be overruled. These charges were not, in our opinion, called for by the evidence, and would have been misleading if given. The evidence was wholly insufficient to warrant a finding that the representations made by appellant were the mere expressions of his opinion. He denied absolutely, as we understand his testimony, that he made any such representations as charged by appellees, and nowhere in his testimony does he claim to have merely expressed an opinion as to the value of the notes or solvency of the maker of them.

There was no error in refusing to give appellant's special charge No. 2, because he did not ask in his cross-action that the contracts between himself and appellees be specifically enforced. He asked for a money judgment in the sum of $914 for timber standing on the land, which he alleges he was forbidden to take. The evidence shows that appellees tendered this timber to appellant, and the verdict of the jury is that he is to take nothing by his cross-bill.

[15] There are several other assignments of error. Some of these assignments have been disposed of against appellant by what we have said in discussing other assignments. The charges refused, and of which some of the assignments complain, were sufficiently covered by charges which were given, and the others disclose no reversible error. The evidence supports the verdict, and the charge taken as a whole was as fair to appellant as he had a right to ask.

The motion for a new trial, except in so far as it asks the consideration of appellant's assignments of error, is overruled, and the judgment is affirmed.