WHITE et al. v. PETERS. (No. 5647.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1916. Rehearing Denied May 10, 1916.)

1. TRIAL ⊙═══192 — INSTRUCTIONS — ASSUMING FACTS.

It is not error for a court in its charge to assume the existence of facts as to which evidence is uncontroverted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. ⊙═══192.]

2. FRAUD ⊙═══11(1)—REPRESENTATIONS—MATTERS OF FACT OR OPINION.

A statement that land sold is as good as surrounding land, when in fact the maker of the statement knows a large part of it is a depression in which water stands after rains, cannot be deemed a statement of opinion, but is a statement of fact.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 12; Dec. Dig. ⊙═══11(1).]

3. FRAUD ⊙═══11(1)—STATEMENT KNOWINGLY FALSE.

When a person makes a statement in the form of an opinion and knows of facts which make the opinion a sham and a fraud, he really makes a misrepresentation of fact.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 12; Dec. Dig. ⊙═══11(1).]

4. VENDOR AND PURCHASER ⊙═══37(1)—DUTY TO INVESTIGATE.

Where a person has been induced to enter into a contract by false representations, it is no defense to his claim to be relieved of it that he was lacking in wariness or caution in believing the representations.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 54; Dec. Dig. ⊙═══37(1).]

5. APPEAL AND ERROR ⊙═══1002—VERDICT ON CONFLICTING EVIDENCE.

A verdict based on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⊙═══1002.]

Appeal from District Court, Nueces County; Jas. A. Graham, Judge.

Action by William White and others against George H. Peters. From a judgment for defendant, plaintiffs appeal. Affirmed.

G. R. Scott, Boone & Pope, Claude Lawrence, and Gowan Jones, all of Corpus Christi, for appellants. F. J. Onzon and E. L. Coleman, both of Corpus Christi, for appellee.

FLY, C. J. Appellants sued to recover a debt alleged to be due by appellee in the sum of $2,924.85, less a credit of $35, as evidenced by three promissory notes in the sum of $974.95 each, which were secured by a vendor's lien on certain land, described as lots 4 and 5 in block 7, and lot 1, in block 8, out of the George H. Paul subdivision of the Driscoll ranch; the whole containing 62.27 acres of land. Appellee admitted appellants' cause of action except in so far as it might be defeated in whole or in part by the facts alleged in the answer. In the answer it was alleged that the deed to the land was never delivered to appellee, and by way of cross-action it was alleged that the land showed to appellee by appellants was that belonging to appellants, and he was told that the land to be sold to him was as good as that shown to him, which was free from swales; that he believed the statement, and the deed was executed and placed in escrow and the notes were executed and delivered to appellants, and a cash payment of $500 was made by appellee. It was further alleged that afterwards appellee investigated the land and found a large, deep swale thereon, covering one-half of the land; that when rain falls it is held in the swale or depression and would destroy any crops planted thereon. He prayed for the recovery of $535, money paid by him, and for the cancellation of contract and promissory notes, and for $311.35, damages suffered by him on account of the land not being worth as much as surrounding lands. The cause was tried by jury, re-

sulting in a verdict and judgment for appellee, canceling the contract and notes and in favor of appellee for $500, with interest at 6 per cent. from January 13, 1913, and that appellants take nothing by their suit and pay all costs. Appellee bought the land herein described upon the representation of appellants' agent that it was as good as the surrounding land. The land was not as good as the surrounding land, and that fact must have been known to the agent. A large part of the land was a swale or depression on which water stood after rains. Appellee would not have bought the land had he known its true condition and was induced to buy by the statements made by the agent.

[1, 2] The first, second, third, and fourth assignments are grouped, and each of them assails the second and third paragraphs of the charge of the court on the ground that the court assumed that the representations made by the agent of appellants to appellee were statements of facts and not the expression of an opinion. The court may have assumed that the representations as to the quality were made as statements of existing facts, though it does not appear so; but, if the charge had assumed that fact, it would be open to the attack made upon it by appellants if all the evidence had not tended to show that it was the statement of a fact. If the evidence was uncontroverted on that point, it was not error for the court to assume the existence of the fact. The only testimony as to the false representations being made was that of appellee, and his testimony shows a positive assertion on the part of the agent that the land appellee was buying was as good in every particular as the other land about it. This representation was denied by the agent, but the jury believed he made it, and the uncontroverted testimony of appellee on that point showed the statement of a fact and not merely an expression of opinion. Appellee had the right to rely upon the statement of the agent, who was presumed to know all about the land, and in whom appellee reposed implicit confidence. The agent was fully cognizant of the fact that appellee was a stranger to the land and knew that he would rely upon his representations, which were made as to a present state of things. The agent could not have had an opinion, well founded or not, that a parcel of land with a swale or depression, which would hold water, was as good as surrounding land on which there was no such depression, and he must have intended to make the statement of a fact which he must have known would mislead. If he did not know the balance of the land was as good as that he showed to appellee, it had the same effect as though he did know. It was fraud to positively state a thing to be true when the party making the representation did not know it to be true. Morrison v. Adoue, 76 Tex. 255, 13 S. W. 166.

It may be that if appellee had insisted on going upon the land he could have discovered the falsity of the statement as to its quality, but that would be no answer to his prayer to be relieved from the contract. Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808. However, he relied upon the positive statement of appellants' agent that the land, not seen by appellee, was equally as good as that part of the land shown to him. The agent could not claim that what he said was a matter of opinion, because the defect in the land was so obvious and patent that he could not have entertained such an opinion. No man could honestly give it as his opinion that a parcel of land with a depression that gathers and holds water after a rain was as good as land adjoining it upon which there was no such depression. It was a plain statement of fact, made to deceive, or made without knowledge with which he should have possessed himself before making any such statement. As said in Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700:

"So far as they were concerned, it made no difference whether they were deceived through the fraudulent or innocent representations of the plaintiff as to any fact shown to be a material inducement influencing their action in making the contract. However innocent may have been the intention of plaintiff in making the representations, and though he may have been mistaken as to the locality of the land, yet, if such representations had in fact the effect of misleading or deceiving the defendants or influencing their conduct in a material matter, the result was in the eyes of the law * * * a perpetration of a fraud upon defendants, regardless of the motives of the plaintiffs."

This was in a case in which a misrepresentation was made as to the location of a certain tract of land with reference to other tracts.

[3] The special charge was properly refused because there was no evidence tending to show that the representation of the agent as to the quality of the land was an opinion, but if there had been the charge did not express the law as to opinions. It is not the law that the expression of an opinion will not be cause for canceling a contract made through reliance upon the opinion whether "erroneous or untrue" or not. The law is that, when a person makes a statement in the form of an opinion and knows of facts which make the opinion a sham and a fraud, he has really made a misrepresentation of fact. Bigelow on Estoppel, p. 636. In this case there was no expression of opinion, but a positive assertion which was shown to be untrue.

[4] There is evidence which tends to show that appellee did not rely upon his own judgment in buying the land, but that he did not see all of it and accepted the representations of the agent of appellants as true. The evidence showed that the brush on the land was so thick that appellee and those with him could not drive over it, and, not caring to walk over it, appellee accepted what the

agent told him as true and upon that representation bought the land. As said in a quotation copied into the opinion in Labbe v. Corbett, herein cited:

"When once it is established that there has been any fraudulent misrepresentation * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to retort upon his objector: 'You, at least, who have stated what is untrue for the purpose of drawing me into a contract, cannot accuse me of want of caution, because I relied implicitly upon your fairness and honesty.'"

That quotation is copied and approved in Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. To the same effect are Benton v. Kuykendall, 160 S. W. 438; Hammel v. Benton, 162 S. W. 35; Taber v. Eyler, 162 S. W. 490; Barton v. Cox, 176 S. W. 793.

[5] The evidence was sufficient to justify the verdict. There was a sharp conflict in the evidence, but that was for the jury to determine, and their determination of the facts cannot be disturbed.

The judgment is affirmed.