## McDONALD et al. v. CARTWRIGHT.
### No. 2596.

Court of Civil Appeals of Texas. Beaumont.
May 24, 1934.

Rehearing Denied May 30, 1934.

Williams, Lee, Sears & Kennerly, of Houston, and Crawford & Crawford, of Conroe, for appellants.

Pitts & Liles, of Conroe, for appellee.

WALKER, Chief Justice.

This appeal involves the title to 25 acres of land out of a tract of 1,280 acres situated in Montgomery county. On January 28, 1884, L. E. Dunn, not the record owner, deeded to R. R. Dunn 1,012½ acres of the 1,280 acres, and R. R. Dunn, on December 1, 1895, deeded the 25 acres in controversy out of the 1,012½ acres to John Stowe, and on January 1, 1896, Stowe sold this 25 acres to appellant S. D. McDonald. In the lower court appellants S. D. McDonald and wife, as defendants, claimed this 25 acres by way of cross-action in plea of 10 years' limitation against appellee, R. L. Cartwright, Jr., plaintiff below. It was conceded that appellee was the record owner. He also made the contention that appellants deeded the 25 acres to Leander Hart in 1904 and that the Hart title passed to him by judgment of the district court of Montgomery county in 1905. The case was submitted to the jury upon the following questions, answered as indicated:

"Special Issue No. 1

"Do you find from a preponderance of the evidence in this case that the defendant, S. D. McDonald and those under whom he holds, if you found he held under anyone, either in person or through tenants, had peaceable, continuous, and adverse possession of, and cultivated, used and enjoyed the land described in their answer, for a period of ten years prior to the institution of this suit?"

Answer: "No."

"Special Issue No. 2

"Do you find from a preponderance of the evidence in this case that S. D. McDonald sold the interest, if any, which he acquired in the land described in his answer to Leander Hart?"

Answer: "Yes."

"Upon the pleadings, the verdict of the jury, and the undisputed evidence," judgment was entered that appellants "take nothing as to their cause of action asserted in their cross-action, and that the said S. D. McDonald and Fannie McDonald, or either of them, have no right, title or interest in and to the following described tract or parcel of land, to wit." (Here follows description by metes and bounds of the land in controversy.)

It may be conceded, as contended by appellants, that question No. 1, whereby the jury was required to find that they had "cultivated, used, and enjoyed the land," imposed upon them, quoting from their proposition, "more than the statute required under the 10 years statute" (Rev. St. 1925, art. 5510), and that the issue should have been submitted, "cultivated, used, or enjoyed the land." The law requires only cultivation, use, or enjoyment. See Hess v. Webb (Tex. Civ. App.) 113 S. W. 618, and authorities therein cited. However, it is our conclusion that appellants' exception to this issue is too indefinite to present this point. The exception was as follows: "Special Issue No. 1 does not permit these defendants the right, if they had had peaceable and continuous and adverse possession, or had used, cultivated and enjoyed the land described in their answer for the period necessary, to give them limitation title, but imposes on them a greater burden than is required by law."

This exception does not direct the court's attention to the error complained of; that is, that the court used the word "and" instead of the word "or." To be sufficient the exception must point out "specifically wherein the charge is claimed to be erroneous." Appeal and Error, 3 Tex. Jur. § 141. The first part of the exception points out nothing; the second part, beginning "but imposes upon them a greater burden," etc., is affirmatively condemned by the citation from Texas Jurisprudence, supra, wherein it is said: "An objection is too general when it merely states that the charge imposes a greater duty and burden than that required by law." The following argument by appellees illustrates the soundness of the proposition that condemns appellants' exception: "Appellee knows that the disjunctive word 'or' rather than the conjunctive 'and' should have been used. The learned trial judge also knew that fact and the use of the word

'and' was a typographical error which the court would have gladly corrected, with appellee's consent, had counsel for appellants pointed the matter out to the Court specifically enough to call the trial court's notice to the error complained of. Certainly if it had been pointed out with the same particularity used by counsel for appellant in this brief the court would have corrected the charge."

The negative answer to question No. 1 rendered question No. 2 immaterial. Appellants claimed only a limitation title, and, as that issue was found against them, they had no title to convey to Leander Hart. The answer to question No. 1 fully supports the judgment and no useful purpose would be served by discussing the assignments against question No. 2.

The judgment of the lower court is in all things affirmed.