**J. S. CURTISS & CO., Inc., v. WHITE.**
No. 3271.

Court of Civil Appeals of Texas. El Paso.
Nov. 7, 1935.

Rehearing Granted to Appellee Dec.
5, 1935.

Rehearing Denied to Appellant Jan. 30, 1936.
On Motion for Findings of Fact and Conclu-
sions of Law, Feb. 13, 1936.

Turney, Burges, Culwell & Pollard and Potash & Cameron, all of El Paso, for appellant.

R. E. Cunningham and Louis R. Stein, both of El Paso, for appellee.

PELPHREY, Chief Justice.

On April 22, 1931, appellee, who was then the owner of 21 shares of stock in the Electrical Securities Corporation, delivered to appellant said stock at a valuation of $90 per share, and in turn appellant delivered to her 19 shares of stock of the Texas-Louisiana Power Company, valued at $98 per share; appellee receiving the difference in cash.

Appellee filed this suit on August 23, 1934, seeking to recover from J. S. Curtiss & Co., Inc., the value of the Electrical Securities Corporation stock, which was alleged to be $2,000.

On December 17th of the same year, appellee filed her third amended petition making John S. Curtiss individually a party defendant and praying for $4,000 exemplary damages in addition to the $2,000 actual damages previously prayed for.

As ground for the recovery of damages, appellee, in her original and amended petitions, alleged numerous false and fraudulent representations were made to her as to the Texas-Louisiana Power Company and its stock by both John S. Curtiss and C. A. Collins, an employee of John S. Curtiss & Co., Inc., and in her second trial amendment she alleged that John S. Curtiss represented to her that the Texas-Louisiana Power Company stock was as good as could be found.

An issue as to whether such representation was made to appellee was submitted to the jury and answered in the affirmative. This was the only issue as to what representations were made.

The jury having found in response to special issues that the aforementioned representation was made; that the representations were false; that appellee did not know of its falsity; that she relied on the representation; that but for such representation she would not have purchased the Texas-Louisiana Power Company stock; that the market value of that stock on April 22, 1931, was $55; that appellee did not rely on her son's judgment in making the purchase of the stock; that appellant represented to F. B. White, appellee's son, that the stock was as good as could be found; that such representation was false; that he relied on such representation in making his recommendation to his mother; that he would not have recommended to his mother that she buy the stock but for such representation; that appellee did not know of the falsity of the representation before August 23, 1932; that she did not have information that would put her on inquiry as to its falsity on such date; that she did not have the knowledge by which a person of ordinary prudence could and would have ascertained its falsity before such date; that appellants made such representations willfully; that appellee should recover exemplary damages in the sum of $1,000; that appellants knew of the falsity of the representation prior to April 22, 1931; and that the representation was made as a statement of fact—the court sustained in part the motion of appellant for a judgment non obstante veredicto and rendered judgment that appellee take nothing on her plea for exemplary damages, but that she recover from John S. Curtiss & Co., Inc., a corporation, and John S. Curtiss, individually, jointly and severally, the sum of $817, with interest at the rate of 6 per cent. per annum from April 22, 1931. Because the court refused to sustain their motion for judgment non obstante veredicto in toto, appellant has brought the cause to this court for review.

Opinion.

Appellant, in forty-two assignments and eleven propositions, complains of the judgment rendered against it, and contends that it should be reversed because a period of more than two years had elapsed between the discovery of the fraud and the filing of the suit; because the representations

made were mere expressions of opinion and therefore could not furnish a basis for an action for fraud; because the evidence was insufficient to support the jury's finding that appellee did not rely upon the judgment of her son in making the purchase of the stock; because appellee should not have been permitted to file her second and fourth trial amendments; and because the court improperly placed the burden upon appellant to prove that it did not make the representation complained of.

If, as claimed, more than two years had elapsed between the discovery of the fraud and the filing of suit, then we need go no further into the several questions presented.

The substance of the propositions touching this matter is that, in an action to recover damages for fraud, the statute of limitations begins to run when the fraud is discovered or could have been discovered by the use of reasonable diligence, and that the failure of the Texas-Louisiana Power Company to pay dividends and the fact that it went into the hands of a receiver on January 2, 1932, were facts sufficient to put appellee upon inquiry as to whether the stock she had bought was as it had been represented to her.

Appellee, in reply to such contention, does not question the correctness of the legal proposition advanced, but asserts that under the circumstances presented in this case it was a fact question whether the action was barred or not.

■ There is no contention made here that appellee had any actual knowledge of the falsity of the representations made to her until a short while before her suit was filed, but it is claimed that she had knowledge of facts more than two years before her suit was filed of such a character as to put her on inquiry, and that, if inquiry had been made, she would have at that time learned of the fraud, that whatever knowledge the receiver had or which he had an opportunity to learn from an inspection of the books and accounts of the Texas-Louisiana Power Company was imputable to appellee, and that therefore she had knowledge of the falsity of the representations, as a matter of law, more than two years prior to the filing of suit. With these claims we do not agree. Unless the evidence is such that reasonable minds may not differ as to its

effect, the question as to whether a party has exercised diligence in discovering fraud or mistake is for the jury. 28 Tex. Jur. § 207, p. 301, and cases cited.

With the financial condition of the country being what it has been for the past six years, no court could say that a mere failure of the Texas-Louisiana Power Company to pay dividends would be sufficient notice, as a matter of law, that a representation as to its standing, even three months previous, was probably untrue, nor can it be said that the taking over of the business by a receiver in January, 1932, was, as a matter of law, sufficient notice of the condition of that business in April, 1931, to put a person upon inquiry as to the truth of representations made to them at such time.

While it may be the rule that knowledge of the receiver is chargeable to creditors, such rule should and could not be made to include stockholders.

The only theory upon which the knowledge of the receiver is imputed to the creditors is upon the theory that he is their representative. There is no showing here that the receiver of the Texas-Louisiana Power Company was appointed upon the application of the stockholders and certainly there is nothing to indicate that, if such were true, appellee had any part in such proceeding. The assignments raising the question as to limitation are overruled.

Appellant also contends that the statement that "the stock was as good as could be found" was a mere expression of opinion rather than a statement of fact, and therefore could not be made the basis of an action for fraud.

It is well established that circumstances may exist under which an expression of opinion may form the basis for a recovery for fraud.

■■ Statements which might be classed as merely statements of opinion, if intended to be accepted as statements of fact, and falsely and fraudulently made, are actionable, the same as any other material representation inducing action by the opposite party, Doolen v. Hulsey (Tex.Civ. App.) 192 S.W. 364; Benton v. Kuykendall (Tex.Civ.App.) 160 S.W. 438; Ingram v. Abbott, 14 Tex.Civ.App. 583, 38 S.W. 626; and it has repeatedly been held that even an opinion expressed as to matters concerning which the truth is not equally

open to both parties, and the party making the statement should have foreseen that the other would rely and was justified in relying on his supposedly superior knowledge, it may be regarded as a statement of fact. 20 Tex.Jur. § 12, p. 24, and cases cited.

And, further, mere expressions of opinion by a person, made with a knowledge of their falsity and with the fraudulent intent to induce the other party to act, are actionable. Houston v. Darnell Lumber Co. (Tex.Civ.App.) 146 S.W. 1061 (writ denied); White v. Peters (Tex.Civ.App.) 185 S.W. 659 (writ refused); Hawkins v. Wells, 17 Tex.Civ.App. 360, 43 S.W. 816 (writ denied).

In the case at bar we have the appellant, who was engaged in the business of buying and selling stocks and presumed to know something more than the ordinary person would as to their values, dealing with appellee, who had no knowledge of the value of such things except what she might have acquired from having owned some stock in the Electrical Securities Corporation. As between these people, the jury found that the statement made by appellant as to the quality of the stock they were exchanging with appellee was made as a statement of fact, was false, and willfully made. These matters being within the province of the jury, their findings place the statement made within the rules above cited and therefore actionable.

■ This holding disposes of not only the assignments as to the sufficiency of the representations to constitute fraud, but also those as to the admission in evidence of the statements made by appellant. Curtiss and as to appellee's right to rely upon such statements. Special issue No. 7, as submitted, reads: "Do you find from a preponderance of the evidence that the defendants did not represent to the plaintiff that the stock of the Texas-Louisiana Power Company was as good as could be found?"

This issue was objected to on the ground that there was no evidence to the effect that defendants had represented the stock was the best investment that could be found and "because it puts too great a burden upon the defendants."

Appellant now complains of the issue as placing the burden on it when it should have been upon appellee.

The objection urged below, not pointing out the particular vice in the issue was too general to form the basis for the assignment here presented. 3 Tex.Jur. § 141, pp. 213, 214; McDonald v. Cartwright (Tex. Civ.App.) 72 S.W.(2d) 337; Sloan Lumber Co. v. Southern Ornamental Iron Works (Tex.Civ.App.) 66 S.W.(2d) 722; Chase Bag Co. v. Longoria (Tex.Civ.App.) 45 S.W.(2d) 242.

■ Furthermore, the submitting of the issue with the burden on defendants in this special issue would probably not constitute reversible error in view of the fact that the same question was submitted with the burden on appellee in issue No. 1.

■ The matter of filing trial amendments is largely within the discretion of the trial court, and, finding no abuse of discretion which would justify reversal of the judgment, we overrule the assignment complaining of the court's action in that regard. We are further of the opinion that the jury's answers to special issues 8 and 9 are supported by the evidence.

Finding no reversible error, the judgment will be affirmed.

### On Motion for Rehearing.

■ Appellants in their motion for rehearing have questioned our holding in the original opinion that the expression "the stock was as good as could be found" was not a mere expression of opinion and therefore actionable. In this connection they assert that such holding is in conflict with the holding of the San Antonio Court in Binder v. Millikin (Tex. Civ.App.) 201 S.W. 239.

In that case it was alleged that it had been falsely represented that there were 22,000 acres of land; that the quality of the land was good for agricultural purposes; that it would produce two crops a year worth $250 per acre; that the owner had made money cultivating the land; and that other parties were anxious to purchase the land.

The court held that a further representation that the land was the best land in La Salle county and was a bargain at $300,000 was a mere expression of opinion, and that appellee knew that it was such. This holding was made in connection with the holding that the above representations were either true or had not been shown to be false.

It can readily be seen that, where a party has made such definite representations as were made in that case as to the quantity and quality of the land, an additional representation that it was the best land in the county could not be considered otherwise than an expression of opinion. It further appears in that case that the appellee had inspected the property. The facts of the case at bar are so different that we do not feel that our holding is in conflict in any manner with the one in that case.

In our former opinion we held that, in cases where the truth was not equally open to both parties and the party making the statement could have foreseen that the other would rely upon his superior knowledge, or where statements were made with a knowledge of their falsity and with a fraudulent intent to induce the other party to act, even expressions of opinion were actionable.

The evidence in this case is, we think, amply sufficient to bring the statement here made, even conceding it to be merely an expression of opinion, within those rules and a basis for the suit. In support of our position we wish to further cite the case of Hester v. Shuster (Tex.Civ.App.) 234 S.W. 713.

The remaining questions have been sufficiently discussed in the main opinion, and the motion of appellant will be overruled.

Appellee also has moved for a rehearing on the ground that we ignored, in our main opinion, her cross-assignment as to the trial court's action in failing to render judgment in her favor for exemplary damages.

Upon oral argument of this case there occurred a discussion between the court and counsel as to the desires of counsel relative to this cross-assignment.

From that discussion the writer formed the opinion that appellee's counsel desired to waive the cross-assignment. Since the filing of appellee's motion for rehearing, however, the writer has discussed the matter with the other members of the court and now recalls that appellee's counsel merely evinced a desire to abandon his cross-assignment in the event that action thereon would necessitate a remand.

It appears the jury found that the representation was willfully made and allowed exemplary damages in the sum of $1,000.

Appellants filed their motion for a judgment non obstante veredicto, but set forth no averments as to that portion of the verdict allowing exemplary damages.

Article 2211 provides that the court may, upon motion and notice, render judgment non obstante veredicto if a directed verdict would have been proper, or disregard any finding on a special issue that has no support in the evidence.

■ The judgment of the court recites that the motion non obstante veredicto of appellants was sustained in so far as the punitive damages were concerned. This was not, in our opinion, the effect of the court's action. It is true that the motion filed by appellants sought to have judgment in their favor notwithstanding the verdict, but the averments of their motion, were that the representation was not actionable and that limitations had run against appellee's cause of action. If the court had agreed with the reasons advanced by appellants and had granted the motion as prayed for, then the verdict for exemplary damages would have fallen with that for compensatory damages, but, the court having overruled the motion, the finding of the jury, upon the failure of the motion to attack the sufficiency of the evidence to support it, was binding upon the court, and, there being pleading to support it, the court was authorized only to either render judgment in accordance therewith or grant a new trial.

■ We are therefore confronted with the question of the sufficiency of appellee's pleading to warrant the submission of the issue.

Article 4004 provides that those willfully making false representations or those knowingly taking advantage of fraud shall be liable for exemplary damages.

Appellee alleged that defendants "well knew at the time said representations were made that said Texas-Louisiana Power Company stock was worthless and said company was insolvent, and that the representations made by them were false and that the said Power Company was in failing circumstances and would cease to pay dividends upon its stock," and that "the said representations that were made to her were all material representations and were made by defendants, * * * to induce plaintiff to sell said stock and buy Texas-Louisiana Power Company stock."

The word "willful" has been said to mean knowingly, intentionally, deliberately, or designedly. 68 C.J. § 3, pp. 268, 269, 270.

Under that definition the above allegations are sufficient to charge that the representation was willfully made, and it would not be necessary to use the particular word.

The pleading being sufficient and there being no attack in the motion on the sufficiency of the evidence, the court should have rendered judgment in favor of appellee for the exemplary damages found by the jury.

The judgment in that particular is accordingly reversed, and judgment here rendered that appellee recover such sum.

Appellee's motion for rehearing is granted as above indicated.

On Second Motion for Rehearing.

Appellants, in this motion and in their oral argument thereon, strenuously insist that we were in error in the original opinion in holding that this suit was not barred by the two years' statute of limitations (Vernon's Ann.Civ.St. art. 5526) as a matter of law.

They base their contention upon the fact that appellee had received notice of the receivership suit; that no dividends had been paid her; that any knowledge which the receiver had an opportunity to acquire from an inspection of the records of the corporation were imputable to her; and that the pendency of the receivership suit gave notice of any fraud which might have been discovered from an examination of the records in that suit.

■ In our original opinion we said that the rule that knowledge of the receiver was chargeable to creditors could not be made to apply to stockholders, and we still adhere to that position. It is true that in 37 C.J. § 312, at page 945, the statement is made that "whatever knowledge the receiver of a corporation derived, or had an opportunity to learn from an inspection of the books and accounts of the corporation, is imputable to its creditors." The only case cited in support of the text is Noyes v. Parsons, 104 Wash. 594, 177 P. 651. An examination of that case reveals that the question involved was that of limitation, and the court held that the creditors were bound by the knowledge of the receiver as to when the cause of action accrued. This holding was made upon the theory that he was their representative.

Our courts are not in accord with that doctrine, as is evidenced by the holding in Dockery v. Hanan (Tex.Civ.App.) 54 S.W. (2d) 1017 (writ refused), where it was held that, while a receiver was the legal representative of creditors and obligated to protect their interest, they were not bound by his negligent failure to take steps to vacate orders allowing preference to other creditors.

■ That receivers are not the representatives of persons whose property may be placed in their control has repeatedly been held in Texas. Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 15 L.R.A. 262; Missouri, K. & T. Ry. Co. v. McFadden, 89 Tex. 138, 33 S.W. 853; Texas & P. Ry. Co. v. Bledsoe, 2 Tex.Civ.App. 88, 20 S. W. 1135.

■ As we understand the record, there is nothing included which would show that an examination of the record in the receivership suit would have revealed to appellee the fraud practiced upon her in April of the year previous. Therefore the rule relied upon by appellants as to notice from the pendency of the suit can have no application.

■ This leaves us with the fact of failure to pay dividends and that a receiver was appointed to consider.

Appellants ask us to hold that reasonable minds could not differ as to what an ordinarily prudent person would have done in the position which appellee found herself in the latter part of 1931 and the first half of 1932.

To properly pass upon this question, all the facts surrounding appellee must be given consideration. It is a matter of common knowledge that during these months the whole economic structure of our country was tottering, that institutions which had been the financial Gibralters of the country for years and years were closing their doors, and that the foundations of securities were crumbling so fast that no one could say that the solvent business of to-day might not be a complete failure to-morrow.

With such conditions surrounding appellee, we cannot and will not say that the failure to receive dividends and notice of the appointment of the receiver were sufficient, as a matter of law, to have caused her to make inquiry as to the truth of rep-

resentations made to her almost nine months previous.

The motion for rehearing is overruled.

## On Motion for Findings of Fact and Conclusions of Law.

 In response to this motion, we find that the evidence adduced upon the trial was sufficient to support the finding of punitive damages, and we conclude that article 4004, Revised Statutes 1925, is not unconstitutional.